*E-Filed 02/16/2010*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Jose Division

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. C09-03814 RS |
| Plaintiff, | |
| v. | |
| SWISH MARKETING, INC., a corporation, | **[PROPOSED] STIPULATED ORDER FILING STATEMENT OF RECENT DECISION** |
| MARK BENNING, individually and as an officer of SWISH MARKETING, INC., | |
| MATTHEW PATTERSON, individually and as an officer of SWISH MARKETING, INC., and | |
| JASON STROBER, individually and as an officer of SWISH MARKETING, INC., | |
| Defendants. | |

Plaintiff Federal Trade Commission ("FTC" or "Commission") has moved this Court to file a Statement of Recent Decision after the date of the hearing. Defendant Benning stipulates to and does not oppose the relief requested. The FTC respectfully requests the Court to order that:

**ORDER ON STATEMENT OF RECENT DECISION - C09-03814 RS**

1. The FTC's motion is GRANTED;

2. The Statement of Recent Decision is hereby FILED: The FTC brings to the Court's attention the Central District of California's recent decision in *FTC v. Commerce Planet, Inc.*, Case No. SACV 09-01324 CJC (RNBx) (C.D. Cal. Feb. 12, 2010) (Order denying Defendant's motion to dismiss) (Dkt. #19). A copy of that opinion is attached hereto as Exhibit A.

Respectfully submitted,

DATED: February 16, 2010          /s/ Lisa D. Rosenthal
_____
LISA D. ROSENTHAL
KERRY O'BRIEN
EVAN ROSE

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

(The filer attests that concurrence in the filing of this document has been obtained from the other signatory.)

DATED: February 16, 2010          /s/ Donald G. Gagliardi
_____
DANIEL J. BERGESON
DONALD P. GAGLIARDI
ELIZABETH D. LEAR
BERGESON, LLP

Attorneys for Defendant
MARK BENNING

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

Dated: 02/16/2010
_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

# Exhibit A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 09-01324CJC(RNBx)                              Date: February 12, 2010

Title: <u>FEDERAL TRADE COMMISSION V. COMMERCE PLANET, INC., ET AL.</u>

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

<u>Michelle Urie</u>                                              <u>    N/A    </u>
Deputy Clerk                                                     Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                                     None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING DEFENDANT'S MOTION TO DISMISS** [filed 1/19/10]

      Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* FED. R. CIV. P. 78; LOCAL RULE 7-15.  Accordingly, the hearing set for February 22, 2010, at 1:30 p.m. is hereby vacated and off calendar.

      Plaintiff The Federal Trade Commission (the "FTC") brought this action for false representation and unfair practices against Defendants Commerce Planet, Inc., and Michael Hill, Charles Gugliuzza, and Aaron Gravitz, individually and as officers of Commerce Planet (collectively "Defendants").  The FTC alleges that Defendants operated a website that deceived consumers into signing up for a $60-a-month service by advertising a free seven-day trial.  Mr. Gugliuzza now moves to dismiss the FTC's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the following reasons, Mr. Gugliuzza's motion to dismiss is DENIED.

**Background**

      The FTC alleges that Defendants operated a website that marketed and sold an "Online Auction Starter Kit" providing consumers with information about how to make money selling products on eBay and other online auction sites.  (Compl. ¶ 14.)  Defendants advertised a "Free 7-Day Trial" of their product, under which consumers

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 09-01324-CJC(RNBx)                                  Date: February 12, 2010
                                                                  Page 2

---

would only have to pay shipping for the kit. (Compl. ¶ 15.) According to the FTC, Defendants' website was set up so that consumers would be unlikely to read disclosures regarding the "free trial." Specifically, the language informing the consumers that they would be signing up for monthly charges of $59.95 unless they called to cancel their membership was either too far below the "Ship my Kit!" button or was only displayed if customers clicked a "Terms of Membership" link. (Compl. ¶¶ 16-18.) Consequently, many customers unintentionally signed up for the monthly service and failed to cancel before their credit cards were charged. (Compl. ¶ 19.)

The FTC alleges that Defendants' practices were deceptive or unfair, in violation Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45(a). Mr. Gugliuzza, the president of Commerce Planet, now moves to dismiss the claims against him for failure to state a claim pursuant to Rule 12(b)(6).

**Standard of Review**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. The issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Mayo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**Analysis**

In Section 5 of the Federal Trade Commission Act (the "FTC Act"), Congress banned "unfair or deceptive acts or practices in or affecting commerce." 15 U.S.C. § 45. An individual may be subject to injunctive relief for violations of the FTC Act if the FTC proves that the individual "participated directly in" the acts or practices in question or "had the authority to control them." *FTC v. Garvey*, 383 F.3d 891, 900 (9th Cir. 2004).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 09-01324-CJC(RNBx)　　　　　　　　　　　　Date: February 12, 2010
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3

---

To hold an individual liable for restitution, "the FTC must also show that the individual had actual knowledge of the material misrepresentations, was recklessly indifferent to the truth or falsity of a misrepresentation, or had an awareness of a high probability of fraud along with an intentional avoidance of the truth." *Id.*

　　　Here, the FTC alleges that Mr. Gugliuzza "was a president and director of Commerce Planet," and that as president, he had "authority to control the acts and practices of Commerce Planet." (Compl. ¶ 12.) The FTC also alleges that he "knew or should have known" that the acts and practices described in the complaint were unfair or deceptive. (Compl. ¶ 12.) Mr. Gugliuzza argues that the FTC's complaint fails to sufficiently allege a claim against him in his individual capacity because it states only legal conclusions. The FTC's complaint states more than just legal conclusions; it is replete with facts about the company's allegedly deceptive website. It also states the most important fact for individual liability under Section 5 of the FTC Act—that Mr. Gugliuzza was the president and director of the company that owned and operated the allegedly deceptive website. Based on judicial experience and common sense, it is certainly plausible for a president of a company to know about and have authority to control a deceptive public website that brings in $60 a month per customer. The FTC has therefore "nudged [its] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

　　　Mr. Gugliuzza also asserts that even if the FTC has alleged individual liability, it has not sufficiently alleged violations of Section 5 of the FTC Act. Under Section 5, an act or practice is deceptive or misleading if 1) there is a representation, omission, or practice, 2) that is likely to mislead consumers acting reasonably under the circumstances, and 3) the representation, omission, or practice is material. *FTC v. Pantron I Corp.*, 33 F.3d 1088, 1095 (9th Cir. 1994). While Mr. Gugliuzza attempts to point out many flaws in the FTC's complaint, the common thread of his arguments is that he did not engage in deceptive acts because consumers were informed of the terms of the continuing membership. The FTC's contention, however, is not that the consumers were never told about the continuing membership, but that the manner in which consumers were told was deceptive or misleading. Mr. Gugliuzza also argues that other companies use "Terms and Conditions" links below charge buttons. However, those companies also may be engaged in deceptive practices.[1] Whether Mr. Gugliuzza's practices were

---

[1] In any case, the comparison to Amazon, Borders, and eBay websites seems particularly inapt as Mr. Gugliuzza does not state that those companies' terms and conditions subject consumers to a recurring $60-a-month charge.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 09-01324-CJC(RNBx)                          Date: February 12, 2010
                                                          Page 4

deceptive is a question that must be decided on the facts, not in a motion to dismiss for failure to state a claim.

     Mr. Gugliuzza also claims that his practices were not unfair under the FTC Act. To be unfair, the FTC must show that the injury caused by the practice is 1) substantial, 2) not outweighed by countervailing benefits to consumers or competition; and 3) one that consumers themselves could not reasonably have avoided. *FTC v. J.K. Publications, Inc.*, 99 F.Supp.2d 1176, 1201 (C.D. Cal. 2000) (citing *Orkin Exterminating Co., Inc. v. FTC*, 849 F.2d 1354, 1363-66 (11th Cir.1988)). Mr. Gugliuzza argues that his practices were not unfair because customers were informed of terms of the continuing membership. As with the question of deceptiveness, whether these practices are unfair is a matter that cannot be determined on the basis of the allegations in the FTC's complaint. The FTC's complaint sufficiently puts Mr. Gugliuzza on notice of the claims against him.

     Lastly, Mr. Gugliuzza argues that injunctive relief is unnecessary because he is no longer associated with Commerce Planet. As with Mr. Gugliuzza's other arguments, this argument goes to the facts. At this point it is unclear whether Mr. Gugliuzza will continue to engage in allegedly unfair or deceptive practices, so the Court cannot decide that injunctive relief is inappropriate at this stage.

**Conclusion**

     For the foregoing reasons, Mr. Gugliuzza's motion to dismiss for failure to state a claim is DENIED.

jhp

MINUTES FORM 11
CIVIL-GEN                                                 Initials of Deputy Clerk MU