WILLARD K. TOM
General Counsel

LISA D. ROSENTHAL, Bar # 179486
KERRY O'BRIEN, Bar # 149264
EVAN ROSE, Bar # 253478
ERIC D. EDMONDSON, D.C. Bar # 450294
Federal Trade Commission
901 Market Street, Ste. 570
San Francisco, CA 94103
(415) 848-5100 (voice)
(415) 848-5184 (fax)
lrosenthal@ftc.gov
kobrien@ftc.gov
erose@ftc.gov

Attorneys for Plaintiff
Federal Trade Commission

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
San Jose Division

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SWISH MARKETING, INC., a corporation,<br><br>MARK BENNING, individually and as an officer of SWISH MARKETING, INC.,<br><br>MATTHEW PATTERSON, individually and as an officer of SWISH MARKETING, INC., and<br><br>JASON STROBER, individually and as an officer of SWISH MARKETING, INC.,<br><br>Defendants. | Case No. C09-03814 RS<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Conference Date: April 15, 2010<br>Conference Time: 10 a.m.<br>Courtroom: 3, 17th Floor |

Pursuant to Fed. R. Civ. P. 26(f), Civil L.R. 16-9, and this Court's Order dated November 23, 2009, counsel for the Federal Trade Commission ("FTC") and counsel for

**JOINT CASE MGMT STATEMENT & ORDER - C09-3814 RS**

Swish Marketing, Inc. ("Swish"), Mark Benning ("Benning"), Matthew Patterson ("Patterson"), and Jason Strober ("Strober") (collectively referred to as "the parties") conferred telephonically on March 8. 2010. The parties hereby jointly submit this Case Management Statement.[1]

**1. <u>Jurisdiction and Service:</u>** This Court has subject matter jurisdiction over this matter pursuant to 15 U.S.C. §§ 45(a), 52, and 53(b), and 28 U.S.C. §§ 1331, 1337(a), and 1345. No issues exist regarding personal jurisdiction. All Defendants waived service of the summons.

**2. <u>Facts:</u>**

**Plaintiff's Position:** Between September 2006 to August 2007, Defendants operated websites offering "payday loans" (i.e., short-term, high-interest loans), which failed to adequately disclose to consumers that they would also be charged for a separate financial service – a prepaid debit card, which was sold by another entity, VirtualWorks, LLC ("VirtualWorks"). Plaintiff contends that consumers were unaware that the bank account information they had provided on their loan applications was transferred by Defendants to VirtualWorks, and used to debit consumers' bank accounts to pay for the debit cards. In particular, the prepaid debit card offer on Defendants' websites was not clear and prominent. In some cases, Defendants buried the offer among four other offers. If consumers did not affirmatively decline the prepaid card offer, they were charged for the card. See paragraphs 17 to 19 of the Complaint for a more detailed description of those websites. On other websites, Defendants offered to consumers on their payday loan application a "bonus" prepaid debit card. Defendants placed details relating to the card, including its cost, in a disclosure that appeared below the

---

[1] On February 22, 2010, the Court dismissed the FTC's complaint against Benning with leave to amend (Dkt. #60). For simplicity's sake, however, Swish, Benning, Patterson, and Strober are referred to collectively as "Defendants." Where a distinction is necessary, Swish, Patterson, and Strober are referred to collectively as "Swish Defendants."

JOINT CASE MGMT STATEMENT & ORDER - C09-3814 RS       Page 2 of 17

applications' submit button. See paragraphs 20 to 21 of the Complaint for a more detailed description of those websites.

This case also centers on whether the individual defendants are liable for the corporate defendant's practices at issue. Plaintiff will establish that each of the individual defendants, as corporate officers of this small, closely held corporation, had the requisite control over, or participation in, the practices at issue to be held individually liable for injunctive relief. Plaintiff will also establish that each of the individual defendants are jointly and severally liable for consumer restitution because they either participated in the conduct or had sufficient knowledge that, at the very least, they acted with reckless indifference when they failed to stop the conduct at issue.

**Swish Defendants' Position:** The Swish Defendants contend that the prepaid debit card offer included a statement that "YOU HEREBY AUTHORIZE EVERPRIVATE CARD to debit your bank account for this one time enrollment fee of $54.95." Although this offer was pre-checked "Yes," a substantial number of consumers changed the "Yes" to a "No," which demonstrates that the prepaid debit card offer, as maintained by Swish, was not a deceptive act or practice in violation of 15 U.S.C. § 45(a). Moreover, although the websites in question were maintained by Swish, the design for each of the advertisements in question originated exclusively from VirtualWorks.

The Swish Defendants also deny the Plaintiff's contentions, *supra*, that: (1) consumers were unaware that the bank account information they had provided on their loan applications was transferred by Defendants to VirtualWorks, and used to debit consumers' bank accounts to pay for the debit cards; (2) the prepaid debit card offer on Defendants' websites was not clear and prominent; (3) Strober and Patterson had the requisite control over, or participation in, the practices at issue to be held individually liable for injunctive relief; and (4) Strober and Patterson are jointly and severally liable for consumer restitution.

**Benning's Position:** "An individual may be held liable under the [FTC Act] for corporate practices if the FTC first can prove the corporate practices were misrepresentations or omissions of a kind usually relied on by reasonably prudent persons and consumer injury resulted." *FTC v. Amy Travel Service, Inc.*, 875 F.2d 564, 573 (7th Cir.), *cert. denied*, 493 U.S. 954 (1989)  "Once corporate liability is established, the FTC must show that the individual defendants participated directly in the practices or acts or had authority to control them." *Id.,* 875 F.2d at 573.  "The FTC must then demonstrate that the individual had some knowledge of the practices." *Id.*  "[T]hat knowledge requirement may be fulfilled by showing that the individual had 'actual knowledge of material misrepresentations, reckless indifference to the truth or falsity of such misrepresentations, or an awareness of a high probability of fraud along with an avoidance of the truth.'" *Id.,* at 574 (citation omitted).

This standard has not been properly pled in this case.  Defendant Mark Benning's motion to dismiss the FTC's Complaint was granted by this Court.  (Order, filed February 22, 2010 (Docket No. 60).)  No facts have been pled tying Mr. Benning to the alleged wrongdoing, apart from the fact that Mr. Benning was at one time defendant Swish's CEO.

**3.    Legal Issues:**

**Plaintiff's Position**:  Legal issues include:

    A.    Whether the FTC has met its burden of proving that Defendants' websites that are materially similar to the one depicted in Complaint Exhibits A-B were likely to mislead a reasonable consumer in violation of the FTC Act.

    B.    Whether the FTC has met its burden of proving that Defendants' websites that are materially similar to the one depicted in Complaint Exhibit C were likely to mislead a reasonable consumer in violation of the FTC Act.

    C.    Whether the FTC has met its burden of proving that Defendant Benning is personally liable for the violations of the FTC Act.

    D.    Whether the FTC has met its burden of proving that Defendant Patterson is

personally liable for the violations of the FTC Act.

  E. Whether the FTC has met its burden of proving that Defendant Strober is personally liable for the violations of the FTC Act.

  F. Whether the Court should order equitable relief in the form of consumer redress, disgorgement, and restitution.

  G. Whether the FTC has established a basis for a permanent injunctive relief.

**Swish Defendants' Position:** In addition to the legal issues identified by Plaintiff, legal issues include the following:

  H. Whether Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b) authorizes the award of monetary relief.

  I. If Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b) authorizes the award of monetary relief, how the award is to be calculated.

  J. Whether the Court should order injunctive relief.

  K. Whether Plaintiff can state a claim against Strober and Patterson upon which relief may be granted.

  L. Whether the Defendants have met their burden of proof to establish the affirmative defenses that will be included in Defendants' answers to the First Amended Complaint, if such answers are necessary.

**Benning's Position:** Legal issues predicate to any determination of liability against Mr. Benning include whether the corporate defendant Swish is liable for a violation of the FTC Act, whether Mr. Benning participated directly in the practices or acts or had authority to control them, and if merely the latter, whether Mr. Benning had actual knowledge of the alleged wrongdoing. *FTC v. Amy Travel Service, Inc.*, 875 F.2d at 573.

Should liability against Mr. Benning be found, additional legal issues arise concerning the appropriate remedy, including whether monetary relief is permitted under the FTC Act (an issue fully briefed by the other defendants and ripe for review by the Ninth Circuit) and including whether injunctive relief is available against Mr. Benning,

as a *former* corporate officer unlikely to be involved in any recidivist activity.  *See, FTC v. Evans Products Co.,* 775 F.2d 1084, 1087 (9th Cir. 1985) (FTC cannot obtain an injunction against an individual defendant whose conduct has ceased and is not likely to recur).

**4.     Motions:**

**Plaintiff's Position:**  Plaintiff anticipates filing a motion for summary judgment.

**Swish Defendants' Position:**  The Swish Defendants also anticipate filing a motion for summary judgment.  Upon review of the new allegations, if any, made against Strober and Patterson in Plaintiff's First Amended Complaint, these defendants may also make a motion to dismiss on the same grounds raised in Benning's previously-granted Motion (*i.e.*, failure to allege fraud with specificity).  If the Court grants the pending Motion to Amend and Certify Opinion for Interlocutory Review, the Swish Defendants may also move for a stay of this action pending appeal.  If the Swish Defendants are required to answer the First Amended Complaint, they anticipate that Plaintiff will move to dismiss some or all of the Swish Defendants' affirmative defenses.  The Swish Defendants anticipate that there will likely be discovery-related motions filed by Plaintiff and/or the Swish Defendants.

**Benning's Position:**  Mr. Benning anticipates a renewed motion to dismiss the anticipated amended complaint and, if necessary, further motions to dismiss further amended pleadings and/or a motion for summary judgment.

**5.     Amendment of Pleadings:**

**Plaintiff's Position:**  Plaintiff counsel have recommended to their client the FTC that it authorize counsel to file an amended complaint to add Mark Benning as a defendant and to add an unfairness count as to all Defendants by April 5, 2010.  Plaintiff proposes a deadline for amending pleadings of one month prior to the close of discovery.

**Swish Defendants' Position**:  The Swish Defendants will object to any amendments by Plaintiff that seek to expand the scope of this action to add unfairness or any other new claims on the grounds that such claims would be futile and would not be

brought in good faith. The Swish Defendants understand that the deadline for the FTC to file a First Amended Complaint in this action is April 5, 2010, and will not agree to extend that deadline. The Swish Defendants do not oppose a deadline for further amendments to the pleadings up to one month prior to the close of discovery.

**Benning's Position:** As mentioned, Mr. Benning anticipates moving to dismiss the FTC's anticipated amended pleading.

6. **Evidence Preservation:**

**Plaintiff's Position:** All relevant evidence relating to Defendants has been preserved. Custodians of relevant evidence received a litigation hold prior to the outset of litigation, advising them to preserve any materials relating to Defendants. There have been no ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

**Swish Defendants' Position:** All relevant evidence in the Swish Defendants' possession, custody or control relating to the claims made in this action has been preserved. There have been no ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

**Benning's Position:** All relevant evidence has been preserved.

7. **Disclosures:** The parties agree to exchange initial disclosures, as required by Fed. R. Civ. P. 26(a)(1), on or before April 19, 2010.

**Plaintiff's Position:** In its initial disclosures, Plaintiff will identify each individual or entity that Plaintiff contacted during its investigation of Defendants' practices that has discoverable information that Plaintiff may use to support its claims. Plaintiff also will provide copies of or identify all documents that Plaintiff obtained from those individuals or entities and that Plaintiff may use to support its claims. Plaintiff will disclose that it may use documents that Defendants provided to Plaintiff during its investigation. Plaintiff will disclose its estimate of consumer injury and state that the Fed. R. Civ. P. 26(a)(1)(A)(iv) disclosure relating to insurance does not apply to Plaintiff.

1    **Swish Defendants' Position:** The Swish Defendants will timely provide to all
2 other parties the information and/or documentation required pursuant to Fed. R. Civ. P.
3 26(a)(1).
4    **Benning's Position:** Mr. Benning will provide initial disclosures in accordance
5 with applicable rules by the agreed deadline.
6 **8.   Discovery:** Formal discovery began on March 8, 2010.
7    The parties jointly propose to the Court the following discovery plan pursuant to
8 Fed. R. Civ. P. 26(f):
9    **Fed. R. Civ. P. 26(f)(3)(A): Initial Disclosures:** Please see Item 7 above.
10   **Fed. R. Civ. P. 26(f)(3)(B): Subjects on which discovery may be needed:** The
11 parties intend to conduct discovery on all matters relevant to issues raised by the
12 Complaint, Answer, and subsequent pleadings, and all matters otherwise within the
13 scope of Fed. R. Civ. P. 26(b)(1).
14   **Plaintiff's Position:** Plaintiff may need to propound discovery on the following
15 subjects: Swish's websites that advertised the EverPrivate Card; the transfer and sale of
16 consumer information to VirtualWorks; the activation rate for the EverPrivate Card;
17 complaints about the EverPrivate Card; the extent to which charges for the EverPrivate
18 Card were reversed; the target audience of Swish's websites; the advertising and sale of
19 products and services other than the EverPrivate Card that were sold on a Swish website
20 with an associated "Yes/No" radio button or that featured disclosures below the "submit"
21 button; Benning, Patterson, and Strober's control over, participation in, or awareness of
22 the alleged acts and practices; the extent to which Defendants personally or collectively
23 profited from the alleged acts or practices; and the extent of consumer injury.  In
24 connection with determining the appropriateness and terms of any permanent injunction
25 that Plaintiff may seek, Plaintiff also may propound discovery related to the seriousness,
26 deliberateness, and transferability of Defendants' acts and practices and the likelihood of
27 future violations, including discovery on the marketing or sale of other products or
28 services on Swish's websites, attempts by Defendants to recoup proceeds from

VirtualWorks, and the reasons why Defendants continued to engage in, or stopped engaging in, the alleged acts or practices.

**Swish Defendants' Position:** The Swish Defendants intend to conduct discovery on the same subjects identified by the Plaintiff, and reserve the right to expand their scope of discovery should the need arise.

**Benning's Position:** Mr. Benning anticipates discovery relating to the FTC's amended claims for relief and relating to Mr. Benning's defenses thereto.

**Fed. R. Civ. P. 26(f)(3)(C): Electronically Stored Information (ESI):** The parties have not reached an agreement on ESI.

**Plaintiff's Position:** Plaintiff seeks an agreement by all parties to maintain all relevant files in their native format for the duration of the litigation, and, to the extent ESI is required to be produced, absent other agreement, to produce ESI in its native format.

**Swish Defendants' Position:** The Swish Defendants seek an agreement by all parties to maintain all relevant files in their native format for the duration of the litigation. ESI shall be produced in its native format where feasible, and where such production does not intrude upon the Swish Defendants' privacy rights or evidentiary privileges. Otherwise, ESI shall be produced on CD-ROM or DVD-ROM.

**Benning's Position:** Mr. Benning does **not** agree to produce ESI in native format. Mr. Benning maintains a Google internet-based Gmail account for both his personal and business affairs. Accordingly, the FTC's proposal in this regard, in effect that he turn over his electronic email files in native format, is both unworkable and an unnecessary intrusion into Mr. Benning's private affairs. Mr. Benning will provide ESI in CD/DVD format in the form of TIF or PDF document files.

**Fed. R. Civ. P. 26(f)(3)(D): Claims of Privilege or of Protection as Trial Preparation Materials:** The parties discussed the best manner for producing privilege logs and will work together to address any issues relating to assertions of privilege.

**Fed. R. Civ. P. 26(f)(3)(E): Discovery Limitations:** The parties propose the following limitations or modifications of the discovery rules.

    A.    <u>Interrogatories</u>: None.

    B.    <u>Duration of Depositions</u>: The time limit imposed by Fed. R. Civ. P. 30(d)(1) for depositions by oral examination shall not include time taken for breaks, such as lunch breaks and off-the-record conversations.

    C.    <u>Number of Depositions</u>: The parties anticipate taking the depositions by oral examination of the following entities and persons:

        i.    Fed. R. Civ. P. 30(b)(6) deposition of the Federal Trade Commission

        ii.    Fed. R. Civ. P. 30(b)(6) deposition of Swish

        iii.    Patterson

        iv.    Benning

        v.    Strober

        vi.    Michael Hall (former or current Swish employee)

        vii.    Gina Han (former or current Swish employee)

        viii.    Mikhail Ulinich (former or current Swish employee)

        ix.    Gretchen Watters (former or current Swish employee)

        x.    VirtualWorks, LLC

        xi.    Joshua Finer (officer of VirtualWorks)

        xii.    Jerry Klein (officer of VirtualWorks)

        xiii.    Giact Systems, Inc. (VirtualWorks' payment processor)

        xiv.    PrivaCash.com, Inc. (issuer of a VirtualWorks debit card)

        xv.    Secure Cash Network, Inc. (issuer of a VirtualWorks debit card)

**Plaintiff and Swish Defendants' Position:** Plaintiff and the Swish Defendants seek an agreement by all parties that, if taken, these depositions will not count against the limit of 10 depositions by oral examination in Fed. R. Civ. P. 30(a)(2)(A)(I). Plaintiff does not agree that Defendants may depose any individual employee, official, or

1 agent of the FTC and that such depositions will not be counted against the limit of 10.

2 **Benning's Position:** Mr. Benning agrees to this proposal if the deposition of the
3 FTC includes any individual employee, official, or agent of the FTC.

4     D.    <u>Other Agreements Regarding Depositions</u>: The parties agree to consult
5 with each other prior to noticing any deposition by oral examination to coordinate the
6 time and place of the deposition. The parties also agree that a party need not separately
7 notice the deposition of a third party already noticed by another party.

8     E.    <u>Expert Witness Discovery</u>: The parties agree that the following types of
9 documents and ESI relating to an expert and other opinion witness (expert witness) and
10 consultant, shall not be subject to discovery:

11         i.    The content of communications between or among:

12             (1)    counsel and an expert witness;
13             (2)    counsel and a consultant;
14             (3)    an expert witness and other expert witnesses or consultants;
15             (4)    an expert witness and his/her staff; and/or
16             (5)    a consultant and his/her staff;

17         ii.    Notes, drafts, written communications, or other types of preliminary
18             work created by, or for, an expert witness; and

19         iii.    Notwithstanding the foregoing, any communications or documents
20             upon which an expert witness specifically relies as a basis for any of
21             his or her opinions or reports shall be discoverable.

22     F.    <u>Other Orders</u>: The parties plan to file a proposed stipulated protective
23 order to protect the personally identifiable and private information of individual(s) and
24 confidential information of the parties from improper disclosure.

25 **9.**     <u>**Class Actions**</u>**:** Not applicable.

26 **10.**     <u>**Related Cases**</u>**:** This case is related to *Federal Trade Commission v.*
27 *VirtualWorks, LLC*, Case No. C09-3815 RS (N.D. Cal. filed Aug. 19, 2009). *See*
28 Related Case Order (Dkt. #14).

**JOINT CASE MGMT STATEMENT & ORDER - C09-3814 RS**     Page 11 of 17

11. **Relief:**

**Plaintiff's Position:** Plaintiff seeks a permanent injunction to prevent future violations of the FTC Act by Defendants. It also seeks to redress injury to consumers resulting from Defendants' violations of the FTC Act. At this time, this amount appears to be between $6 and $7 million, and may change with additional discovery. That amount represents estimated gross sales of the prepaid debit card from Defendants' websites in 2006 and 2007, less refunds. Plaintiff bases this estimate on information that Plaintiff obtained from VirtualWorks' payment processor.

**Swish Defendants' Position:** The Swish Defendants seek dismissal of the action and a judgment in their favor.

**Benning's Position:** The FTC is not entitled to any injunctive or monetary relief against Mr. Benning, even if liability against Mr. Benning is found. (*See* Item 3 above.)

12. **Settlement and ADR:** The parties have complied with the requirements of ADR L.R. 3-5, including the filing of the appropriate requests and certifications with the Court (Dkt. #28–33).

At this time, the parties request that the Court refer this matter to a magistrate judge for settlement purposes. The parties, however, disagree as to when the first settlement conference should take place.

**Plaintiff's Position:** Plaintiff does not believe a settlement conference at this time is likely to lead to settlement. During the FTC's investigation of Defendants' practices, the parties engaged in settlement talks over several months. The FTC notified the parties that the FTC would consider a monetary settlement of less than the full amount of estimated consumer injury resulting from the challenged practices only upon a showing of inability to pay that amount, predicated on the submission of sworn financial statements. Defendants have refused to provide such statements. At this time, Plaintiff's counsel is not willing to recommend any proposed settlement that does not include the payment of the full amount of consumer injury absent the submission of such sworn statements.

1 A settlement conference, however, may be useful once the parties have engaged in some meaningful discovery. Unless Defendants provide their sworn financial documents, Plaintiff proposes that a settlement conference not be scheduled prior to October 2010.

Plaintiff counsel do not agree, nor have we advised counsel for Mr. Benning, that all authority over the conduct of the lawsuit resides with the FTC in Washington, D.C. However, "full settlement authority" rests only with a majority of the five Commissioners. To the extent counsel for Mr. Benning is proposing that a majority of the Commissioners personally attend a settlement conference, such proposal is not feasible.

**Swish Defendants' Position:** At all times before and during this litigation, the Plaintiff's position has been that it would not consider a monetary settlement of less than the full amount of the alleged consumer injury (of more than $6 million) on any basis other than the Defendants' inability to pay the full amount of the Plaintiff's claims. Based on this position, the Swish Defendants contend that the Plaintiff has not negotiated in good faith up to this point, refusing to make or negotiate upon any reasonable assessment of the Plaintiff's chances of prevailing in this action based on the disputed legal and factual issues. The Swish Defendants believe that the prompt scheduling of a settlement conference with a magistrate would assist the parties in initiating a candid dialogue and evaluation of their respective cases in a genuine effort to reach a negotiated resolution of this action without further litigation. In addition, the Swish Defendants believe that, given the substantial amount of pre-lawsuit discovery that has already been conducted, a settlement conference would be productive at this juncture. The Swish Defendants do not believe that their respective finances are germane to settlement, and on that basis are reluctant to provide the government with their private financial information. The factors that are germane to settlement are: (1) the likelihood that the Plaintiff will prevail in this action; and (2) the likely amount of Plaintiff's recovery from the Swish Defendants, if any. The Swish Defendants are

1 prepared to engage in meaningful settlement discussions regarding each of these factors.

2 **Benning's Position:** Mr. Benning believes strongly that an early settlement
3 conference with a sitting magistrate judge provides the best prospect for resolving this
4 dispute efficiently and economically.

5 FTC's Bay Area counsel has advised defense counsel that all settlement authority
6 (indeed all authority over the conduct of the lawsuit) resides with the FTC in
7 Washington, D.C.; and that the FTC will not entertain *any* settlement discussions unless
8 and until Mr. Benning provides sworn personal financial documentation.

9 There is no apparent benefit to embarking for several months on idle discovery
10 against a defendant such as Mr. Benning, against whom so far the FTC has not been able
11 to plead a proper claim, against whom (as Swish's *former* CEO) no prospective
12 injunction is allowed, *FTC v. Evans Products Co.,* 775 F.2d at 1087 and against whom
13 the requested monetary relief cannot be recovered because he lacks the wherewithal to
14 satisfy even a small fraction of a multi-million dollar award.

15 Accordingly, the immediate intervention of a federal judicial officer is essential to
16 ensuring that a *bona fide* alternative dispute resolution process is pursued and that the
17 FTC participates in the process in good faith and *with full settlement authority*. The
18 initial session may not result in an immediate settlement (then again it may), but at least
19 it will set the stage for productive subsequent sessions. Mr. Benning has *not* refused to
20 supply sworn financial documentation; instead he has stated that such information will
21 be supplied in confidence to a sitting magistrate judge during a *bona fide* settlement
22 conference at which the FTC is present with full settlement authority.

23 **13. Consent to Magistrate Judge for All Purposes:** The parties do not consent to
24 have a magistrate judge conduct proceedings, other than for discovery and settlement
25 purposes.

26 **14. Other References:** The parties do not believe the case is suitable for reference to
27 binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

28

**JOINT CASE MGMT STATEMENT & ORDER - C09-3814 RS**  Page 14 of 17

15. **Narrowing of Issues:** The parties are not aware of any issues that could be narrowed by agreement.

16. **Expedited Schedule:** The parties do not believe this case can be handled on an expedited basis.

17. **Scheduling:** The parties suggest the schedule below for future proceedings. All parties are in agreement that responsive pleadings should be due on or before May 10, 2010, and that disclosure of preliminary fact witness lists should be made on or before September 15, 2010. The parties did not reach agreement on the remaining deadlines.

|  | **Plaintiff's Position** | **Swish Defendants' Position** | **Benning's Position** |
|---|---|---|---|
| Responsive pleadings due | May 10, 2010 | May 10, 2010 | May 10, 2010 |
| Disclosure of preliminary fact witness list | September 15, 2010 | September 15, 2010 | September 15, 2010 |
| Last day to file motions relating to fact discovery | October 25, 2010 | October 25, 2010 | December 27, 2010 |
| Fact discovery cut-off | November 24, 2010 | November 24, 2010 | January 24, 2011 |
| Expert witness disclosures | December 3, 2010 | December 3, 2010 | February 7, 2011 |
| Rebuttal expert witness disclosures | December 31, 2010 | December 31, 2010 | March 7, 2011 |
| Expert discovery cut-off | January 31, 2011 | January 31, 2011 | April 11, 2011 |
| Dispositive motions shall be filed by | February 28, 2011 | February 28, 2011 | May 2, 2011 |
| Opp. due | TBD | TBD |  |
| Reply due | TBD | TBD |  |
| Hearing no later than | TBD | TBD |  |
| Pre-trial conference | TBD | TBD |  |
| Trial | TBD | TBD |  |

18. **Trial:** The parties request a bench trial. Plaintiff and Swish Defendants estimate that the trial will last between eight and ten days; Mr. Benning estimates that the trial will last between ten and fifteen days.

19. **Disclosure of Non-party Interested Entities or Persons:**

**Plaintiff's Position:** Civ. L.R. 3-16 does not apply to Plaintiff, as a government agency.

**Swish Defendants' Position:** None.

**Benning's Position:** No disclosure.

20. **Such other matters as may facilitate the just, speedy, and inexpensive disposition of this matter:** Other than as addressed above, the parties are not aware of any other matters as may facilitate the just, speedy, and inexpensive disposition of this matter.

Respectfully submitted,

DATED: March 25, 2010        /s/ Lisa D. Rosenthal
_____
LISA D. ROSENTHAL
KERRY O'BRIEN
EVAN ROSE
ERIC D. EDMONDSON

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

(The filer attests that concurrence in the filing of this document has been obtained from the other signatories.)

DATED: March 25, 2010        /s/ Brian M. Grossman
_____
BRIAN M. GROSSMAN
TESSER & RUTTENBERG

Attorney for Defendants
SWISH MARKETING, INC.,
MATTHEW PATTERSON,
and JASON STROBER

JOINT CASE MGMT STATEMENT & ORDER - C09-3814 RS        Page 16 of 17

DATED: March 25, 2010  /s/ Michel L. Mallow

_____
MICHAEL L. MALLOW
MICHAEL A. THURMAN
LOEB & LOEB LLP

Attorney for Defendants
SWISH MARKETING, INC., and
MATTHEW PATTERSON

DATED: March 25, 2010  /s/ Donald P. Gagliardi

_____
DANIEL J. BERGESON
DONALD P. GAGLIARDI
ELIZABETH D. LEAR
BERGESON, LLP

Attorney for Defendant
MARK BENNING

**JOINT CASE MGMT STATEMENT & ORDER - C09-3814 RS**  **Page 17 of 17**