*E-Filed 04/14/2010*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br>  v.<br><br>SWISH MARKETING, et al.,<br><br>    Defendants.<br>_____/ | **No. C 09-03814 RS**<br><br>**ORDER DENYING MOTION TO CERTIFY ORDER FOR INTERLOCUTORY REVIEW** |

## I. INTRODUCTION

Pursuant to 28 U.S.C. § 1292(b), the corporate and individual defendants (collectively, "Swish") request certification for interlocutory review of this Court's Order of February 22, 2010 denying their motion to strike. Specifically, Swish seeks to appeal the Order's determination that, as stated in *FTC v. H.N. Singer, Inc.*, 668 F.2d 1107 (9th Cir. 1982), ancillary monetary relief is a remedy available under section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 13(b) (1994). This matter is appropriate for resolution without oral argument, pursuant to Civil Local Rule 7-1(b). Because defendants have not demonstrated "exceptional circumstances" warrant immediate, interlocutory appeal, their motion will be denied.

## II. LEGAL STANDARD

As a general rule, a party may seek review of a district court's rulings only after the entry of final judgment. *In re Cement Litig.*, 673 F.2d 1020, 1027 (9th Cir. 1982). The district court may

under "exceptional" circumstances, however, certify an order for interlocutory review pursuant to 28 U.S.C. § 1292(b). *Id.* at 1026 (*citing Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (holding that "exceptional circumstances [must] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment")). Certification may be appropriate where: (1) the order involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

## II. DISCUSSION

### A. Controlling Question of Law

The Ninth Circuit has explained that a question of law is "controlling" if "resolution of the issue on appeal could materially affect the outcome of the litigation in the district court." *Cement Litig.*, 673 F.2d at 1026. It has also observed that section 1292(b) "was intended primarily as a means of expediting litigation by permitting appellate consideration during the early stages of litigation of legal questions which, if decided in favor of the appellant, would end the lawsuit." *United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959) ("Examples of such questions are those relating to jurisdiction or a statute of limitations which the district court has decided in a manner which keeps the litigation alive but which, if answered differently on appeal, would terminate the case."). That said, the issue need not be dispositive of the lawsuit to be controlling. *Id.* The Ninth Circuit has reasoned that even issues collateral to the merits may be the subject of interlocutory appeal if immediate resolution would avoid "needless expense and delay." *Kuehner v. Dickinson & Co.*, 84 F.3d 316, 319 (9th Cir. 1996) (finding resolution of admittedly "collateral" issue of whether arbitration was required involved "controlling" legal issue where district court's construction risked "litigating an entire case in a forum that has no power to decide the matter") (*citing Cement Litig.*, 673 F.2d at 1027 n.5).

Defendants somewhat boldly contend that the Circuit's reexamination of its *Singer* analysis would end the litigation. This seems at best a hopeful forecast. Before this Court may even reach the question of an appropriate remedy, the FTC must first establish defendants' liability. And, even

were the Circuit to chart a new course with regard to the availability of equitable remedies under Section 13(b), left for decision would remain the Commission's request for non-monetary injunctive relief expressly contemplated in that section. Despite corporate defendants' assurances that they have voluntarily discontinued the allegedly wrongful acts, their promises alone do not bar the possibility for injunctive relief. As the Supreme Court has insisted, without the clear resolution of the legality of a practice or clear proof of abandonment, "the defendant is free to return to his ways." *United States v. W.T. Grant Co.*, 345 U.S. 629, 632 (1953). The possibility for purely injunctive relief still presents a live controversy, even assuming defendants correctly predict that the Circuit would reverse its own precedent and deny the availability of restitution under section 13(b).

On the other hand, assuming the arguments advanced by defendants were sufficiently compelling to persuade the Circuit to abandon *Singer* and its progeny, common sense dictates that the time and expense spent litigating a fitting amount of restitution would be needless. Defendants correctly reason that an immediate appeal would, if successful, preclude this possibility. The problem with defendants' rationale, however, is that—in the name of avoiding costly litigation—it ignores the chance that this Court might resolve the matter at the liability phase. And, should the Circuit uphold *Singer*, interlocutory appeal threatens to impose—not avoid—delay. As one of the central aims of section 1298(b) is to avoid unnecessary proceedings before a district court, the controlling issue of law criterion should, at a minimum, require that reversal have some immediate effect on the course of litigation and result in some savings of resources. *See* Note, *Interlocutory Appeals in the Federal Courts Under 28 U.S.C. § 1292(b)*, 88 Harv. L. Rev. 607, 619 (1975). Defendants have not persuasively demonstrated either immediate effect or a sufficient likelihood of resource conservation.

B. <u>Substantial Grounds for Difference of Opinion</u>

A party's disagreement—no matter how strongly held—with a court's ruling is not sufficient by itself to establish a substantial ground for difference of opinion as contemplated by Section 1292(b). *See, e.g.*, *Wilton-Miwok Rancheria*, 2010 WL 693420 at *12 (N.D. Cal. Feb. 23, 2010); *Mateo v. The M/S Kiso*, 805 F. Supp. 792, 800 (N.D. Cal. 1992). Substantial grounds for

disagreement may exist, for example, where there is "a dearth of precedent within the controlling jurisdiction and conflicting decisions in other circuits." *Wilton-Miwok*, 2010 WL at * 12 (*quoting APCC Servs., Inc. v. AT&T Corp.*, 297 F. Supp. 2d 101, 107 (D.D.C. 2003)).

Defendants do not dispute that ample controlling precedent in this Circuit favors the award of restitutionary relief under section 13(b). They introduce no contrary, on-point authority (appellate or otherwise) from outside the Circuit. Swish argues solely that the Supreme Court's approach to the availability of statutory equitable relief under an environmental regulatory scheme in *Meghrig v. K.F.C. Western, Inc.*, 516 U.S. 479 (1996), undermines two earlier opinions: *Porter v. Warner Holding Co.*, 328 U.S. 395 (1946) and *Mitchell v. Robert De Mario Jewelry, Inc.*, 361 U.S. 288 (1960). Because the Circuit in *Singer* relied on *Porter* and *Mitchell* for the proposition that a district court may award monetary relief ancillary to a permanent injunction under section 13(b) of the FTC Act, Swish reasons that *Meghrig* undermines *Singer*, as well.

Taken together, *Porter* and *Mitchell* authorize a district court sitting in equity to grant broad equitable relief, including restitution. When Congress invokes the district court's equitable jurisdiction in a statute, *Porter* held, "all the inherent equitable powers of the district court are available for the proper and complete exercise of that jurisdiction." 328 U.S. at 398. *Meghrig* did not overrule *Porter* and *Mitchell*, but did find that a citizen-suit provision that expressly contemplated only the "restraint" of violations of the Resource Conservation and Recovery Act ("RCRA") did not authorize restitution for past toxic cleanup costs. *Meghrig*, 516 U.S. at 481. *Meghrig* compared RCRA's citizen-suit provision to its analogue in the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"). Unlike RCRA, CERCLA's provisions expressly allowed "any person [to] seek contribution from any other person who is liable." 42 U.S.C. § 9613(f)(1). The Court explained: "[w]here Congress has provided 'elaborate enforcement provisions' for remedying the violation of a federal statute, it cannot be assumed that Congress intended to authorize by implication additional judicial remedies for private citizens suing under the statute." 516 U.S. at 487-88. Following *Meghrig*, the D.C. Circuit in *Phillip Morris*, 396 F.3d 1190 (D.C. Cir. 2005), refused to award disgorgement under a civil RICO

4

provision that also only contemplated "restraint" and where a monetary remedy was expressly available elsewhere in the statutory scheme. The Tenth Circuit, by contrast, examined a statutory provision with similar language in light of both *Meghrig* and *Porter / Mitchell*, but applied the latter. *United States v. Rx Depot*, 438 F.3d 1052 (10th Cir. 2006).

Against this backdrop, defendants suggest "substantial grounds for disagreement" arise with regard to the continuing vitality of *Singer*. While the ultimate effect of *Meghrig* is certainly an academically intriguing issue, it is not obvious that *Meghrig*'s analysis must be deployed against section 13(b) nor does there appear to be virtually *any* inkling or hint in this Circuit or in others that it should. The Ninth Circuit (and, as plaintiffs point out, every circuit to consider the question) has consistently applied the *Singer* rationale to grants of restitutionary relief under section 13(b). *See, e.g.*, *FTC v. Pantron I Corp.*, 33 F.3d 1088, 1102 (9th Cir. 1994) (citing *Singer* for the proposition that a district court may award monetary relief under section 13(b)); *FTC v. Silueta Distribs., Inc.*, No. 93-4141, 1995 WL 215313, at *7-8 (N.D. Cal. Feb. 24, 1995) (citing both *Singer* and *Pantron I* and ordering disgorgement under section 13(b)). This Circuit has even done so as recently as 2009, where a *Meghrig* argument was at least arguably available. *FTC v. Stefanchik*, 559 F.3d 924, 931-32 (9th Cir. 2009).

C. <u>Immediate Appeal May Not Materially Advance the Ultimate Termination of Litigation</u>

As the Commission points out, it must first prove a violation of section 5 of the FTC Act before the court may address an appropriate remedy. An immediate appeal at this stage would obviously delay resolution of the liability phase. Without commenting on the merits, it is still theoretically possible to resolve the matter at the liability phase without ever reaching the remedy. Given the timing of the suit, then, granting Swish's plea for immediate, interlocutory review would seem to carry with it a greater risk for delay than its promise for ultimate savings of both time and resources. Moreover, defendants advance no argument that appellate review of this Court's final judgment, should it favor the plaintiffs, would impose a harm more exquisite than that "suffered by any litigant forced to wait until the termination of the trial before challenging . . . orders [they] consider[] erroneous." *Firestone Tire & Rubber Co. v. Rijsford*, 449 U.S. 368, 378 n.13 (1981).

### III. CONCLUSION

"Exceptional circumstances" must "justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livestay*, 437 U.S. 463, 475 (1978). Defendants have shown no such "exceptional circumstances" here nor have they demonstrated that immediate, interlocutory review pursuant to section 1292(b) is necessary or appropriate. Defendants' motion for certification is therefore denied.

IT IS SO ORDERED.

Dated: 04/14/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE