WILLARD K. TOM
General Counsel

LISA D. ROSENTHAL, Bar # 179486
KERRY O'BRIEN, Bar # 149264
EVAN ROSE, Bar # 253478
ERIC D. EDMONDSON, D.C. Bar # 450294
Federal Trade Commission
901 Market Street, Ste. 570
San Francisco, CA 94103
(415) 848-5100 (voice)
(415) 848-5184 (fax)
lrosenthal@ftc.gov
kobrien@ftc.gov
erose@ftc.gov

Attorneys for Plaintiff
Federal Trade Commission

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>SWISH MARKETING, INC., a corporation,<br><br>MARK BENNING, individually and as an officer of SWISH MARKETING, INC.,<br><br>MATTHEW PATTERSON, individually and as an officer of SWISH MARKETING, INC., and<br><br>JASON STROBER, individually and as an officer of SWISH MARKETING, INC.,<br><br>    Defendants. | Case No. C09-03814 RS<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL TREATMENT OF CONSUMER DATA** |

In its initial disclosures, made pursuant to Fed. R. Civ. P. 26(a)(1), Plaintiff Federal Trade Commission ("FTC") identified documents that Giact Systems, Inc., provided to the FTC in response to a Civil Investigative Demand dated April 11, 2008.

**PROTECTIVE ORDER RE CONSUMER DATA - C09-03814 RS**                                Page 1 of 6

Those documents contain personally identifiable and private information, including bank account information, of consumers who were debited for the EverPrivate Card.  To protect that information, and similar consumer data that Giact Systems, Inc., may provide to the parties in this case, the FTC and Defendants Swish Marketing, Inc., Mark Benning, Matthew Patterson, and Jason Strober ("Defendants") hereby stipulate to and request that the Court enter an Order requiring that:

1. Personally identifiable and private information of consumers that Giact Systems, Inc., provides or has provided to any party in this case ("GIACT DATA") is designated confidential and is subject to the provisions of this Order.

2. GIACT DATA shall be secured by any receiving party in such a manner as to minimize the possibility of unintentional disclosure, including the physical storage thereof in a secure area or law office, the electronic storage thereof on a password-protected computer or system which may be accessed only by persons qualified to have access to GIACT DATA pursuant to the terms of this Order, and the shipment thereof only to other qualified persons by a trackable method with restricted delivery to such qualified persons.

3. GIACT DATA shall not be used for any purpose by the receiving party except for purposes in connection with this litigation.

4. A receiving party shall not disclose GIACT DATA to any person, except the following persons:

(a) Defendants, including the executives or other personnel of Defendants who are participants with respect to policy decisions for the trial or pretrial preparations with reference to this action and any other personnel of Defendants having a good-faith, reasonable need for obtaining access to GIACT DATA;

(b) FTC Commissioners and other employees of the FTC (including consultants not covered under Subparagraph 4(c) below), the parties' respective counsel of record in this action, including the associates and paralegal, secretarial, clerical, and other regular and temporary employees of such counsel assisting such counsel and

1  including employees of any firm retained to reproduce or store GIACT DATA for use in
2  accordance with this Order;
3       (c)    The independent experts or consultants retained or consulted by the
4  parties in this action, including the employees of such experts or consultants who are
5  assigned to assist such experts or consultants;
6       (d)    Giact Systems, Inc;
7       (e)    The Court and related officials involved in this litigation or any other
8  proceeding in which GIACT DATA is used, including judges, magistrates,
9  commissioners, referees, jurors, and other personnel of the Court; provided, however, that
10 GIACT DATA shall be lodged or filed with the Court in accordance with the procedures
11 for filing under seal as described in Paragraph 7 below; and
12      (f)    Any person designated by the Court in the interest of justice, upon
13 such terms as the Court deems proper,
14 *provided that*, nothing in this Order shall impose any restrictions on the disclosure of
15 GIACT DATA by the FTC as provided by: (1) Sections 4.11(a) to (e) of the FTC's Rules
16 of Practice and any cases construing them; (2) Sections 6(f) and 21 of the Federal Trade
17 Commission Act and any cases construing them; and (3) any other legal obligation
18 imposed upon the FTC.
19   5.    Prior to disclosing GIACT DATA to any person listed in Subparagraph
20 4(c), the receiving party shall:
21      (a)    provide such person with a copy of this Order; and
22      (b)    obtain from such person a signed statement in the form attached
23 hereto as Exhibit A.  Such statement shall be retained by counsel for the party and need
24 not be filed with the Court or served upon opposing counsel unless requested for good
25 cause or ordered by the Court.
26   6.    Any person listed in Subparagraphs 4(a) through 4(c) who receives GIACT
27 DATA shall:
28      (a)    read this Order;

**PROTECTIVE ORDER RE CONSUMER DATA - C09-03814 RS**    Page 3 of 6

1      (b)     use GIACT DATA only for purposes permitted by this Order; and

2      (c)     not disclose or discuss GIACT DATA other than as permitted by this
3  Order.

4      7.     GIACT DATA that is lodged or filed with the Court shall be lodged or filed
5  pursuant to this Order in a sealed envelope or other appropriate sealed container marked
6  in the manner required by the Court and Local Rule 79-5 for lodging and filing such
7  materials under seal.  Nothing contained in this Order shall be construed to limit the
8  requirements of Local Rule 3-17(a) to redact, exclude, or submit under seal any
9  information or documents described in that rule.

10     8.     Nothing contained herein shall be construed to prejudice any party's right to
11 use GIACT DATA or other information for any purpose in this litigation.

12     9.     In the case of any accidental or inadvertent disclosure of GIACT DATA,
13 counsel for the party responsible for the disclosure shall promptly notify the parties'
14 respective counsel of the disclosure and make every effort to prevent further disclosure,
15 including attempting to retrieve all copies of the GIACT DATA from the recipients
16 thereof, and attempting to secure the agreement of the recipients not to further
17 disseminate the GIACT DATA in any form.

18     10.    At the time that any consultant, expert, or other person retained to assist
19 counsel in this action concludes participation in this action, such person shall return to
20 counsel all copies of GIACT DATA that are in the possession of such person or certify as
21 to their destruction.  Furthermore, within thirty days after the completion of this litigation
22 GIACT DATA shall be collected by counsel for the receiving party and either destroyed
23 or returned to the party who produced or provided the materials, or to Giact Systems, Inc.
24 For purposes of this Order, this action shall be considered completed when the entire
25 proceeding has been resolved and any related orders have become final and non-
26 appealable.

27     11.    All parties and other persons who receive GIACT DATA shall be under a
28 continuing duty not to disclose such materials, except as permitted in this Order, and this

**PROTECTIVE ORDER RE CONSUMER DATA - C09-03814 RS**          Page 4 of 6

1  duty shall continue in full force and effect after the completion of this litigation.

3                                           Respectfully submitted,

5  DATED: June 18, 2010          /S/ Kerry O'Brien
                                          LISA D. ROSENTHAL
                                          KERRY O'BRIEN
                                          EVAN ROSE
                                          ERIC D. EDMONDSON

                                          Attorneys for Plaintiff
                                          FEDERAL TRADE COMMISSION

    (The filer attests that concurrence in the filing of this document has been obtained from each of the other signatories.)

DATED: June 17, 2010          /S/ Michael A. Thurman
                                          MICHAEL L. MALLOW
                                          MICHAEL A. THURMAN
                                          LOEB & LOEB LLP

                                          Attorneys for Defendants
                                          SWISH MARKETING, INC. and
                                          MATTHEW PATTERSON

DATED: June 17, 2010          /S/ Brian Grossman
                                          BRIAN GROSSMAN
                                          TESSER & RUTTENBERG

                                          Attorneys for Defendants
                                          SWISH MARKETING, INC.,
                                          MATTHEW PATTERSON, and
                                          JASON STROBER

DATED: June 17, 2010          /S/ Donald P. Gagliardi
                                          DONALD P. GAGLIARDI
                                          ELIZABETH D. LEAR
                                          BERGESON, LLP

                                          Attorneys for Defendant
                                          MARK BENNING

**PROTECTIVE ORDER RE CONSUMER DATA - C09-03814 RS**       Page 5 of 6

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

DATED: 6/18/10

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE