*E-Filed 7/13/10*

1  WILLARD K. TOM
   General Counsel
2
3  LISA D. ROSENTHAL, Bar # 179486
   KERRY O'BRIEN, Bar # 149264
   EVAN ROSE, Bar # 253478
4  ERIC D. EDMONDSON, D.C. Bar # 450294
   Federal Trade Commission
5  901 Market Street, Ste. 570
   San Francisco, CA  94103
6  (415) 848-5100 (voice)
   (415) 848-5184 (fax)
7  lrosenthal@ftc.gov
   kobrien@ftc.gov
8  erose@ftc.gov
   eedmondson@ftc.gov
9
   Attorneys for Plaintiff
10 Federal Trade Commission

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| FEDERAL TRADE COMMISSION, | Case No. C09-03814 RS |
|---|---|
| Plaintiff, | |
| v. | **STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL TREATMENT OF SENSITIVE PERSONALLY IDENTIFIABLE INFORMATION** |
| SWISH MARKETING, INC., a corporation, | |
| MARK BENNING, individually and as an officer of SWISH MARKETING, INC., | |
| MATTHEW PATTERSON, individually and as an officer of SWISH MARKETING, INC., and | |
| JASON STROBER, individually and as an officer of SWISH MARKETING, INC., | |
| Defendants. | |

Certain materials to be produced in connection with this litigation contain sensitive personally identifiable information ("PII").  PII includes an individual's Social Security

**PROTECTIVE ORDER RE PII - C09-03814 RS**                                    Page 1 of 5

number, or an individual's name or address or phone number in combination with one or more of the following: date of birth; driver's license number or other state identification number, or a foreign country equivalent; passport number; financial account number; or credit card or debit card number. To protect such information, Plaintiff Federal Trade Commission ("FTC") and Defendants Swish Marketing, Inc., Mark Benning, Matthew Patterson, and Jason Strober ("Defendants") hereby stipulate to and request that the Court enter an Order requiring that:

  1. PII may be designated confidential by any party, and thereby made subject to the provisions of this Order.

  2. PII shall be secured by any receiving party in such a manner as to minimize the possibility of unintentional disclosure, including the physical storage thereof in a secure area or law office, the electronic storage thereof on a password-protected computer or system which may be accessed only by persons qualified to have access to PII pursuant to the terms of this Order, and the shipment thereof only to other qualified persons by a trackable method with restricted delivery to such qualified persons.

  3. PII shall not be used for any purpose by the receiving party except for purposes in connection with this litigation.

  4. A receiving party shall not disclose PII to any person, except the following persons:

    (a) Defendants, including the executives or other personnel of Defendants who are participants with respect to policy decisions for the trial or pretrial preparations with reference to this action and any other personnel of Defendants having a good-faith, reasonable need for obtaining access to PII;

    (b) FTC Commissioners and other employees of the FTC (including consultants not covered under Subparagraph 4(c) below), the parties' respective counsel of record in this action, including the associates and paralegal, secretarial, clerical, and other regular and temporary employees of such counsel assisting such counsel and

**PROTECTIVE ORDER RE PII - C09-03814 RS**             Page 2 of 5

1 including employees of any firm retained to reproduce or store PII for use in accordance
2 with this Order;

3     (c)     The independent experts or consultants retained or consulted by the
4 parties in this action, including the employees of such experts or consultants who are
5 assigned to assist such experts or consultants;

6     (d)     Any person who is a witness or witness's counsel at deposition or
7 trial where the PII is reasonably related to the testimony of such witness, and court
8 reporters and persons preparing transcripts of testimony;

9     (e)     The Court and related officials involved in this litigation or any other
10 proceeding in which PII is used, including judges, magistrates, commissioners, referees,
11 jurors, and other personnel of the Court; provided, however, that PII shall be lodged or
12 filed with the Court in accordance with the procedures for filing under seal as described
13 in Paragraph 7 below; and

14     (f)     Any person designated by the Court in the interest of justice, upon
15 such terms as the Court deems proper,
16 ***provided that***, nothing in this Order shall impose any restrictions on the disclosure of PII
17 by the FTC as provided by: (1) Sections 4.11(a) to (e) of the FTC's Rules of Practice and
18 any cases construing them; (2) Sections 6(f) and 21 of the Federal Trade Commission Act
19 and any cases construing them; and (3) any other legal obligation imposed upon the FTC.

20     5.     Prior to disclosing PII to any person listed in Subparagraph 4(c), the
21 receiving party shall:

22     (a)     provide such person with a copy of this Order; and
23     (b)     obtain from such person a signed statement in the form attached
24 hereto as Exhibit A.  Such statement shall be retained by counsel for the party and need
25 not be filed with the Court or served upon opposing counsel unless requested for good
26 cause or ordered by the Court.

27 \\
28 \\

**PROTECTIVE ORDER RE PII - C09-03814 RS**         Page 3 of 5

1        6.     Any person listed in Subparagraphs 4(a) through 4(c) who receives PII

2 shall:

3             (a)      read this Order;

4             (b)      use PII only for purposes permitted by this Order; and

5             (c)      not disclose or discuss PII other than as permitted by this Order.

6       7.     PII that is lodged or filed with the Court shall be lodged or filed pursuant to

7 this Order in a sealed envelope or other appropriate sealed container marked in the

8 manner required by the Court and Local Rule 79-5 for lodging and filing such materials

9 under seal.  Nothing contained in this Order shall be construed to limit the requirements

10 of Local Rule 3-17(a) to redact, exclude, or submit under seal any information or

11 documents described in that rule.

12       8.     Nothing contained herein shall be construed to prejudice any party's right to

13 use PII or other information for any purpose in this litigation.

14       9.     In the case of any accidental or inadvertent disclosure of PII, counsel for the

15 party responsible for the disclosure shall promptly notify the parties' respective counsel

16 of the disclosure and make every effort to prevent further disclosure, including attempting

17 to retrieve all copies of the PII from the recipients thereof, and attempting to secure the

18 agreement of the recipients not to further disseminate the PII in any form.

19       10.    At the time that any consultant, expert, or other person retained to assist

20 counsel in this action concludes participation in this action, such person shall return to

21 counsel all copies of PII that are in the possession of such person or certify as to their

22 destruction.  Furthermore, within thirty days after the completion of this litigation PII

23 shall be collected by counsel for the receiving party and either destroyed or returned to

24 the party who produced the materials.  For purposes of this Order, this action shall be

25 considered completed when the entire proceeding has been resolved and any related

26 orders have become final and non-appealable.

27 \\

28 \\

**PROTECTIVE ORDER RE PII - C09-03814 RS**            Page 4 of 5

1        11.     All parties and other persons who receive PII shall be under a continuing
2 duty not to disclose such materials, except as permitted in this Order, and this duty shall
3 continue in full force and effect after the completion of this litigation.

                                        Respectfully submitted,

DATED: July 12, 2010                  /s/ Evan Rose
                                     LISA D. ROSENTHAL
                                     KERRY O'BRIEN
                                     EVAN ROSE
                                     ERIC D. EDMONDSON

                                     Attorneys for Plaintiff
                                     FEDERAL TRADE COMMISSION

(The filer attests that concurrence in the filing of this document has been obtained from each of the other signatories.)

DATED: July 12, 2010                  /s/ Brian Grossman
                                     BRIAN GROSSMAN
                                     TESSER & RUTTENBERG

                                     Attorneys for Defendants
                                     SWISH MARKETING, INC.,
                                     MATTHEW PATTERSON, and
                                     JASON STROBER

DATED: July 12, 2010                  /s/ Jay Fowler
                                     DANIEL J. BERGESON
                                     JAY FOWLER
                                     ELIZABETH D. LEAR
                                     BERGESON, LLP

                                     Attorneys for Defendant
                                     MARK BENNING

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

DATED:   7/13/10

                                     RICHARD SEEBORG
                                     UNITED STATES DISTRICT JUDGE

**PROTECTIVE ORDER RE PII - C09-03814 RS**