1  BRIAN M. GROSSMAN (SBN 166681)
   TESSER & RUTTENBERG
2  12100 Wilshire Boulevard, Suite 220
   Los Angeles, California 90025
3  Tel:     (310) 207-4022
   Fax:     (310) 207-4033
4  Email:  bgrossman@tesser-ruttenberg.com

5  Attorneys for Defendants
   SWISH MARKETING, INC.,
6  MATTHEW PATTERSON and JASON STROBER

7

8                    **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10                     **SAN FRANCISCO DIVISION**

11

12  FEDERAL TRADE COMMISSION,            )   Case No.: C09 03814 RS
                                         )
13              Plaintiffs,              )
                                         )
14     vs.                               )   **STIPULATION AND [PROPOSED]**
                                         )   **PROTECTIVE ORDER REGARDING**
15  SWISH MARKETING, INC., a corporation,)  **CONFIDENTIAL INFORMATION**
    MARK BENNING, individually and as an )   **PRODUCED BY THIRD PARTIES**
16  officer of SWISH MARKETING, INC.,    )
    MATTHEW PATTERSON, individually      )
17  and as an officer of SWISH MARKETING,)
    INC., and JASON STROBER, individually)
18  and as an officer of SWISH MARKETING,)
    INC.,                                )
19                                       )
                Defendants.              )
20                                       )
    _____)

21

22          Certain materials to be produced by third parties in connection with this litigation contain

23  confidential and/or proprietary information ("Third-Party Confidential Information").  To protect

24  such Third-Party Confidential Information, Plaintiff Federal Trade Commission ("FTC") and

25  Defendants Swish Marketing, Inc., Mark Benning, Matthew Patterson, and Jason Strober

26  ("Defendants") hereby stipulate to and request that the Court enter an Order requiring that:

27  ///

28  ///

_____

        PROTECTIVE ORDER RE THIRD-PARTY INFORMATION (Case No. C09 03814 RS)

1.     Third-Party Confidential Information may be designated confidential by any third party in response to a subpoena or other applicable process, and thereby made subject to the provisions of this Order.

2.     A designation that information is confidential shall constitute a representation by the designating party, in good faith and after careful determination, that the information so designated is eligible for such designation pursuant to Paragraph 1.

3.     Third-Party Confidential Information shall be secured by any receiving party in such a manner as to minimize the possibility of unintentional disclosure, including the physical storage thereof in a secure area or law office, the electronic storage thereof on a password-protected computer or system which may be accessed only by persons qualified to have access to Third-Party Confidential Information pursuant to the terms of this Order, and the shipment thereof only to other qualified persons by a trackable method with restricted delivery to such qualified persons.

4.     Third-Party Confidential Information shall not be used for any purpose by the receiving party except for purposes in connection with this litigation.

5.     A party shall not disclose Third-Party Confidential Information to any person, except the following persons:

(a)     Defendants, including the executives or other personnel of Defendants who are participants with respect to policy decisions for the trial or pretrial preparations with reference to this action and any other personnel of Defendants having a good-faith, reasonable need for obtaining access to Third-Party Confidential Information;

(b)     FTC Commissioners and other employees of the FTC (including consultants not covered under Subparagraph 5(c) below), the parties' respective counsel of record in this action, including the associates and paralegal, secretarial, clerical, and other regular and temporary employees of such counsel assisting such counsel and including employees of any firm retained to reproduce or store Third-Party Confidential Information for use in accordance with this Order;

(c)     The independent experts or consultants retained or consulted by the parties in this action, including the employees of such experts or consultants who are assigned to assist such experts or consultants;

1        (d)     Any person who is a witness or witness's counsel at deposition or trial where

2 the Third-Party Confidential Information is reasonably related to the testimony of such witness, and

3 court reporters and persons preparing transcripts of testimony;

4        (e)     The Court and related officials involved in this litigation or any other

5 proceeding in which Third-Party Confidential Information is used, including judges, magistrates,

6 commissioners, referees, jurors, and other personnel of the Court; provided, however, that

7 Third-Party Confidential Information shall be lodged or filed with the Court in accordance with the

8 procedures for filing under seal as described in Paragraph 8 below; and

9        (f)     Any person designated by the Court in the interest of justice, upon such terms

10 as the Court deems proper, provided that, nothing in this Order shall impose any restrictions on the

11 disclosure of Third-Party Confidential Information by the FTC as provided by: (1) Sections 4.11(a)

12 to (e) of the FTC's Rules of Practice and any cases construing them; (2) Sections 6(f) and 21 of the

13 Federal Trade Commission Act and any cases construing them; and (3) any other legal obligation

14 imposed upon the FTC.

15      6.     Prior to disclosing Third-Party Confidential Information to any person listed in

16 Subparagraph 5(c), the receiving party shall:

17        (a)     provide such person with a copy of this Order; and

18        (b)     obtain from such person a signed statement in the form attached hereto as

19 Exhibit A.  Such statement shall be retained by counsel for the party and need not be filed with the

20 Court or served upon opposing counsel unless requested for good cause or ordered by the Court.

21      7.     Any person listed in Subparagraphs 5(a) through 5(c) who receives Third-Party

22 Confidential Information shall:

23        (a)     read this Order;

24        (b)     use Third-Party Confidential Information only for purposes permitted by this

25 Order; and

26        (c)     not disclose or discuss Third-Party Confidential Information other than as

27 permitted by this Order.

28 ///

8.      Third-Party Confidential Information that is lodged or filed with the Court shall be lodged or filed pursuant to this Order in a sealed envelope or other appropriate sealed container marked in the manner required by the Court and Local Rule 79-5 for lodging and filing such materials under seal.  Nothing contained in this Order shall be construed to limit the requirements of Fed. R. Civ. P. 5.2 to redact, exclude, or submit under seal any information or documents described in that rule.

9.      Nothing contained herein shall be construed to prejudice any party's right to use Third-Party Confidential Information or other information for any purpose in this litigation.

10.      In the case of any accidental or inadvertent disclosure of Third-Party Confidential Information, counsel for the party responsible for the disclosure shall promptly notify the parties' respective counsel, together with the party that produced the Third-Party Confidential information, and make every effort to prevent further disclosure, including attempting to retrieve all copies of the Third-Party Confidential Information from the recipients thereof, and attempting to secure the agreement of the recipients not to further disseminate the Third-Party Confidential Information in any form.

11.      At the time that any consultant, expert, or other person retained to assist counsel in this action concludes participation in this action, such person shall return to counsel all copies of Third-Party Confidential Information that are in the possession of such person or certify as to their destruction.  Furthermore, within thirty days after the completion of this litigation Third-Party Confidential Information shall be collected by counsel for the receiving party and either destroyed or returned to the party who produced the materials.  For purposes of this Order, this action shall be considered completed when the entire proceeding has been resolved and any related orders have become final and non-appealable.

///

///

///

///

///

PROTECTIVE ORDER RE THIRD-PARTY INFORMATION (Case No. C09 03814 RS)

1       12.      All parties and other persons who receive Third-Party Confidential Information shall

2  be under a continuing duty not to disclose such materials, except as permitted in this Order, and this

3  duty shall continue in full force and effect after the completion of this litigation.

4

5  DATED: August 24, 2010            TESSER & RUTTENBERG
                                            BRIAN M. GROSSMAN

6

7                                    /s/ Brian M. Grossman

8                                    BRIAN M. GROSSMAN
                                    Attorney for Defendants
9                                    SWISH MARKETING, INC.,
                                    MATTHEW PATTERSON and JASON STROBER

10

11  DATED: August 24, 2010            LISA D. ROSENTHAL
                                    KERRY O'BRIEN
12                                    EVAN ROSE

13                                    /s/ Evan Rose
14
                                    EVAN ROSE
15                                    Attorney for Plaintiff
                                    FEDERAL TRADE COMMISSION
16

17  DATED: August 24, 2010            LOEB & LOEB LLP
                                    MICHAEL L. MALLOW
18                                    MICHAEL A. THURMAN

19                                    /s/ Michel A. Thurman
20
                                    MICHAEL A. THURMAN
21                                    Attorney for Defendants
                                    SWISH MARKETING, INC., and
22                                    MATTHEW PATTERSON

23  DATED: August 24, 2010            BERGESON, LLP
                                    DANIEL J. BERGESON
24                                    JAY FOWLER
                                    ELIZABETH D. LEAR
25

26                                    /s/ Jay Fowler

27                                    JAY FOWLER
                                    Attorney for Defendant
28                                    MARK BENNING

1  **PURSUANT TO STIPULATION, IT IS SO ORDERED:**

2

3  DATED:_____                    _____

4                                            RICHARD SEEBORG
                                             UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28