1   WILLARD K. TOM
    General Counsel
2
    LISA D. ROSENTHAL, Bar # 179486
3   KERRY O'BRIEN, Bar # 149264
    EVAN ROSE, Bar # 253478
4   ERIC EDMONDSON, D.C. Bar # 450294
    Federal Trade Commission
5   901 Market Street, Ste. 570
    San Francisco, CA  94103
6   (415) 848-5100 (voice)
    (415) 848-5184 (fax)
7   lrosenthal@ftc.gov
    kobrien@ftc.gov
8   erose@ftc.gov
    eedmondson@ftc.gov
9
    Attorneys for Plaintiff
10  Federal Trade Commission

11

12                  UNITED STATES DISTRICT COURT

13                 NORTHERN DISTRICT OF CALIFORNIA

14                        SAN JOSE DIVISION

15

16  |
    FEDERAL TRADE COMMISSION,              Case No. C09-03814 RS
17
          Plaintiff,
18                                         [PROPOSED] STIPULATED
          v.                               FINAL JUDGMENT AND ORDER
19                                         FOR PERMANENT INJUNCTION
    SWISH MARKETING, INC., a corporation,  AND OTHER EQUITABLE
20                                         RELIEF AS TO DEFENDANT
    MARK BENNING, individually and as an   JASON STROBER
21  officer of SWISH MARKETING, INC.,

22  MATTHEW PATTERSON, individually and
    as an officer of SWISH MARKETING, INC.,
23  and

24
    JASON STROBER, individually and as an
25  officer of SWISH MARKETING, INC.,

26        Defendants.

27

28

    **Stipulated Final Judgment and Order - C09-03814 RS**

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), has filed a First Amended Complaint for Injunctive and Other Equitable Relief ("Complaint") against the defendants in this matter pursuant to Sections 5 and 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 53(b).  The FTC and Defendant Jason Strober ("Defendant"), by and through his counsel, have agreed to settlement of this action without adjudication of any issue of fact or law, and without Defendant admitting any of the non-jurisdictional facts alleged in the Complaint or liability for any of the violations alleged in the Complaint.  To resolve all matters of dispute between them in this action, the FTC and Defendant hereby stipulate to the entry of, and request the Court to enter, this Stipulated Final Judgment and Order for Permanent Injunction and Other Equitable Relief ("Order").

**IT IS THEREFORE STIPULATED, AGREED, AND ORDERED as follows:**

1.     This Court has jurisdiction over the subject matter of this case and jurisdiction over all parties pursuant to 15 U.S.C. §§ 45(a) and 53(b), and 28 U.S.C. §§ 1331, 1337(a), and 1345;

2.     Venue in the Northern District of California is proper under 15 U.S.C. § 53(b) and 28 U.S.C. § 1391(b) and (c);

3.     The acts and practices of Defendant were and are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44;

4.     The Complaint states a claim upon which relief can be granted under Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the Commission has the authority to seek the relief it has requested;

5.     Defendant has entered into this Order freely and without coercion, and Defendant acknowledges that he has read the provisions of this Order and is prepared to abide by them;

6.     The undersigned, individually and by and through their counsel, have agreed that the entry of this Order resolves all matters of dispute between them arising from the Complaint in this action, up to the date of entry of this Order;

7.     Defendant waives all rights to seek judicial review or otherwise challenge or contest the validity of this Order.  Defendant also waives any claims that he may have held under

the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order;

8.      Pursuant to Federal Rule of Civil Procedure 65(d), the provisions of this Order are binding upon Defendant, and his officers, agents, servants, employees, attorneys, and all other persons or entities in active concert or participation with him, who receive actual notice of this Order by personal service or otherwise;

9.      This Order is remedial in nature and shall not be deemed or construed as a fine, damages, penalty, or punitive assessment;

10.     Each party shall bear its own costs and attorneys' fees; and

11.     Entry of this Order is in the public interest.

## ORDER

### DEFINITIONS

For purposes of this Order, the following definitions shall apply:

A.      **"Billing information"** means any data that enables any person to access a consumer's account, including but not limited to a credit card, checking, savings, share or similar account, utility bill, mortgage loan account, or debit card.

B.      **"Clearly and conspicuously"** means:

1.      In textual communications (e.g., printed publications or words displayed on the screen of an electronic device), the disclosure shall be of a type size and location sufficiently noticeable for an ordinary consumer to read and comprehend the disclosure, in print that contrasts with the background on which it appears;

2.      In communications disseminated orally or through audible means (e.g., radio or streaming audio), the disclosure shall be delivered in a volume and cadence sufficient for an ordinary consumer to hear and comprehend the disclosure;

3.      In communications disseminated through video means (e.g., television or streaming video), the disclosure shall be in writing in a form consistent with Subsection 1 of this definition and shall appear on the screen for a duration sufficient for an ordinary consumer to read and comprehend the disclosure;

4. In communications made through interactive media such as the Internet, online services, and software:

    a. The disclosure shall be unavoidable and presented in a form consistent with Subsection 1 of this definition in addition to any audio or video presentation of them; and

    b. "In close proximity" shall mean on the same webpage, online service page, or other electronic page, and proximate to the triggering representation, and shall not be accessed or displayed through hyperlinks, pop-ups, interstitials, or other means;

5. In communications that contain both audio and visual portions, the disclosure shall be presented simultaneously in both the audio and visual portions of the communication. ***Provided however***, that in any communication disseminated solely through visual or audio means, the disclosure may be made through the same means in which the communication is presented.

6. In all instances, the disclosure shall be presented prior to the consumer incurring any financial obligation, in an understandable language and syntax, and with nothing contrary to, inconsistent with, or in mitigation of the disclosures used in any communication with the consumer.

C. **"Defendant"** means Jason Strober.

D. **"Individual Defendants"** means Mark Benning, Matthew Patterson, and Jason Strober.

E. **"Marketing Affiliate"** means any third party with which Defendant, or any business for which Defendant is a majority owner, officer, or director, or which Defendant directly or indirectly controls, has an agreement under which:

1. Defendant or such business agrees to pay a commission or other compensation to the Marketing Affiliate because the Marketing Affiliate has driven or referred customers or potential customers to Defendant or such business; or

2. The Marketing Affiliate agrees to pay a commission or other compensation to Defendant or such business because Defendant or such business has driven or

referred customers or potential customers to the Marketing Affiliate.

***Provided*** that, for purposes of this Order, a "Marketing Affiliate" is not a third party who merely displays banner ads, sponsored links, or other like advertisements that are created directly and solely by Defendant, or by any business for which Defendant is a majority owner, officer, or director.

F.  **"Material"** means likely to affect a person's choice of, or conduct regarding, goods or services.

G.  **"Payment Card"** means any card that is backed by an account that holds or can hold funds belonging to the cardholder, or offers credit to the cardholder, including but not limited to a prepaid card, credit card, or debit card.

H.  **"Period of Inquiry"** means from September of 2006 through August of 2007.

I.  **"Swish"** means Swish Marketing, Inc.

## I.

## PROHIBITION AGAINST MAKING MISREPRESENTATIONS

**IT IS ORDERED** that Defendant, and his officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any sole proprietorship, partnership, limited liability company, corporation, subsidiary, branch, division, Marketing Affiliate, or other entity, in connection with the advertising, promoting, offering for sale, or sale of any Payment Card, loan, any financial product or service, or any other product or service, are hereby permanently restrained and enjoined from:

A.  Misrepresenting, or assisting others in misrepresenting, expressly or by implication,

    1.  That such product or service is a bonus, free, a gift, or without cost;

    2.  The cost or price of such product or service;

    3.  The consequences of submitting an application for any such product or service;

    4.  The method by which a consumer will be assessed a fee, charge, debit, or bill; and

    5.  Any other material fact; and

B.      Representing, in any manner, expressly or by implication, that such product or service is a bonus, free, a gift, or without cost, without disclosing clearly and conspicuously, and in close proximity to the representation, all material terms, conditions, and obligations relating to the receipt and retention of such product or service.

## II.

### EXPRESS INFORMED CONSENT

**IT IS FURTHER ORDERED** that Defendant, and his officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any sole proprietorship, partnership, limited liability company, corporation, subsidiary, branch, division, Marketing Affiliate, or other entity, in connection with the advertising, promoting, offering for sale, or sale of any Payment Card, loan, any financial product or service, or any other product or service, are hereby enjoined from directly or indirectly using billing information to obtain payment from a consumer, unless, prior to using such billing information to obtain payment:

A.      They request that the consumer indicate his or her assent to pay for the product or service using a specified account;

B.      They disclose clearly and conspicuously and in close proximity to the request for the consumer's indication of assent the following information:

   1.      The specific billing information to be used;

   2.      The amount to be paid;

   3.      The method to be used to assess the payment;

   4.      The entity on whose behalf the payment will be assessed; and

   5.      All material restrictions, limitations, or conditions applicable to the purchase, receipt, or use of the product or service that is the subject of the offer; and

C.      The consumer affirmatively indicates assent to pay for the product or service using the specified account.  In connection with communications made through interactive media such as the Internet, online services, and software, the consumer must indicate such

assent by clicking on a button that is specifically labeled to convey such assent, or by

taking substantially similar affirmative action authorizing the transaction.

### III.

### MONITORING BY DEFENDANT
### OF HIS MARKETING AFFILIATES
### OR OTHER THIRD PARTIES

**IT IS FURTHER ORDERED** that Defendant, and his officers, agents, servants,

employees, and attorneys, whether acting directly or through any sole proprietorship,

partnership, limited liability company, corporation, subsidiary, branch, division, Marketing

Affiliate, or other entity, in connection with the advertising, promoting, offering for sale, or sale

of any Payment Card, loan, or any financial product or service, shall take reasonable steps

sufficient to monitor and ensure that Defendant's Marketing Affiliates comply with the

requirements of Sections I and II of this Order.  Such steps shall include, at a minimum:

A.      Prior to accepting any prospective Marketing Affiliate, Defendant shall:

      1.      Provide the Marketing Affiliate with a copy of this Order;

      2.      Obtain a signed and dated acknowledgment from such Marketing Affiliate in

            which the Marketing Affiliate:

            a.      Acknowledges receipt of this Order;

            b.      Expressly agrees to distribute a copy of the Order to the Marketing

               Affiliate's owners, managers, and division heads; and

            c.      Expressly agrees to comply with the terms of Sections I and II; and

      3.      Provide written notice to such Marketing Affiliate that failing to comply with the

            terms of Sections I and II will result in immediate termination of Defendant's

            agreement with the Marketing Affiliate;

B.      Within thirty (30) days of service of this Order upon Defendant, Defendant shall:

      1.      Provide any existing Marketing Affiliate with a copy of this Order;

      2.      Obtain a signed and dated acknowledgment from such Marketing Affiliate in

            which the Marketing Affiliate:

            a.      Acknowledges receipt of this Order;

b.      Expressly agrees to distribute a copy of the Order to the Marketing

Affiliate's owners, managers, and division heads; and

c.      Expressly agrees to comply with the terms of Sections I and II; and

3.      Provide written notice to each existing Marketing Affiliate that failing to comply

with the terms of Sections I and II will result in immediate termination of

Defendant's agreement with the Marketing Affiliate and the forfeiture of all

monies earned or owed;

***Provided however***, that if Defendant terminates a Marketing Affiliate within thirty (30)

days of service of this Order, Defendant shall not be required to satisfy the requirements

of this Subsection with respect to any such terminated Marketing Affiliate; and

C.      Defendant shall terminate, immediately, any Marketing Affiliate or other third party that

Defendant reasonably concludes has engaged in or is engaging in acts or practices

prohibited by this Order, whether directly or through another person or entity.

***Provided however***, that this Section does not authorize or require Defendant to take any action

that violates any federal, state, or local law.

## IV.

## CONSUMER RESTITUTION

**IT IS FURTHER ORDERED** that:

A.      Defendant and his counsel represent that, concurrently with their execution of this Order,

Defendant has transferred the sum of eight-hundred fifty thousand dollars ($850,000)

("Restitution Funds") into an interest bearing trust account controlled by Baker &

Hostetler LLP, which shall hold the entire sum for no purpose other than payment to the

Commission after entry of this Order by the Court.  Within five (5) days of receipt of

notice of the entry of this Order, Defendant's counsel shall transfer the Restitution Funds,

not including accrued interest, to the Commission in the form of an electronic funds

transfer.  ***Provided however that***, upon notice that either the FTC or the Court has

rejected acceptance or entry of this Order, Baker & Hostetler LLP will be relieved of its

duties regarding the Restitution Funds and may distribute them as directed by Defendant.

**Stipulated Final Judgment and Order - C09-03814 RS**          **Page 8 of 22**

B.   All funds paid to or received by the Commission pursuant to this Order shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  In the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendant's practices as alleged in the Complaint.  Any funds not used for such equitable relief will be deposited with the United States Treasury as disgorgement.  Defendant shall have no right to challenge the Commission's choice of remedies under this Section.  Defendant shall have no right to contest the manner of distribution chosen by the Commission.

C.   Subject to Subsection IV.A, Defendant relinquishes all dominion, control, and title to the funds paid to the fullest extent permitted by law.  Defendant shall make no claim to or demand return of the funds, directly or indirectly, through counsel or otherwise.

D.   Defendant agrees that the facts as alleged in the Complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the Commission to enforce its rights to any payment or money judgment pursuant to this Order, including but not limited to a nondischargeability complaint in any bankruptcy case.  Defendant further stipulates and agrees that the facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and that this Order shall have collateral estoppel effect for such purposes.

## V.

## MONETARY JUDGMENT AND COOPERATION WITH FTC

**IT IS FURTHER ORDERED** that:

A.   In addition to the payment of consumer restitution paid by Defendant pursuant to Section IV above, judgment in the amount of three hundred fifty thousand dollars ($350,000) is hereby entered against Defendant as equitable monetary relief, in favor of the

1   Commission. ***Provided however***, that this judgment shall be suspended  until further

2   order of the Court pursuant to this Section.

3   B.   If, upon motion by the Commission to the Court, the Court finds that Defendant failed to

4   comply fully with Section V, the suspension of judgment shall be lifted and the Court

5   may order that the judgment amount, plus interest from the entry date of this Order,

6   pursuant to 28 U.S.C. § 1961, shall be immediately due and payable by Defendant.

7   ***Provided however***, that in all other respects, this Order shall remain in full force and

8   effect, unless otherwise ordered by the Court.

9   C.   If no motion pursuant to Subsection V.B has been filed or is pending as of the time of

10   final resolution of this matter, as defined below, the FTC shall file a satisfaction of

11   judgment in favor of Defendant as to the suspended judgment described in this Section in

12   the form shown on Attachment A to this Stipulated Order within thirty (30) days of such

13   final resolution of this matter.  A final resolution of this matter occurs:

14   1.   After all appellate rights have been exhausted; or

15   2.   Upon the entry of a final stipulated judgment or judgments that resolve all matters

16   of dispute between the FTC and all remaining defendants arising from the

17   Complaint, in which the remaining defendants have waived all rights of judicial

18   review.

19   D.   Defendant, in connection with this action and any subsequent FTC investigations related

20   to or associated with the transactions or the occurrences that are the subject of the FTC's

21   Complaint, until such time as a satisfaction of judgment in favor of the Defendant as to

22   the suspended judgment described in this Section is filed with the Court, shall cooperate

23   in good faith with the FTC, including its attorneys, employees, consultants, and experts,

24   to the full extent of his abilities and personal knowledge.  Upon request by the FTC,

25   Defendant shall:

26   1.   Appear at such places within this Judicial District and times as the FTC shall

27   request upon five (5) days written notice, or otherwise reasonably request, for

28   interviews, conferences, pretrial discovery, review of documents, and for

**Stipulated Final Judgment and Order - C09-03814 RS**          **Page 10 of 22**

otherwise providing cooperation consistent with this Section;

2.  Upon five (5) days written notice, appear and provide truthful testimony in any trial, deposition, or other proceeding related to or associated with the transactions or the occurrences that are the subject of the Complaint, without the service of a subpoena; ***provided*** that for any such trial, deposition, or other FTC proceeding that occurs outside of this District, the Defendant shall be entitled to standard expenses pursuant to 28 U.S.C. § 1821, but shall appear without the service of a subpoena.

3.  Cooperate with the FTC to prepare, and then sign under penalty of perjury, a truthful affidavit regarding:

    a.  Defendant's duties and responsibilities at Swish, as well as those of the other Individual Defendants;

    b.  Defendant's participation in the transactions or occurrences that are the subject of the Complaint, as well as such participation by the other Individual Defendants; and

    c.  Defendant's knowledge of the transactions or occurrences that are the subject of the Complaint, as well as such knowledge possessed by the other Individual Defendants;

4.  With respect to documents and electronically stored information produced or generated in connection with this action:

    a.  Authenticate such documents and electronically stored information by testifying truthfully, where Defendant possesses personal knowledge of such facts, as to the place, date, creator, and circumstances of the creation of such documents and electronically stored information; and

    b.  Certify such documents and electronically stored information that constitute records of regularly conducted business activity by testifying truthfully, where Defendant is qualified to do so, that such records were made at or near the time of the occurrence of the matters set forth by (or

from information transmitted by) a person with knowledge of those matters, were kept in the course of the regularly conducted activity of Swish, and were made by the regularly conducted activity as a regular practice of Swish;

5. With respect to the creation and appearance of websites operated by Swish:

    a. Assist the FTC, to the extent feasible to do so, in re-generating, and authenticating the appearance of, websites operated by Swish during the Period of Inquiry;

    b. Describe the operation of Swish's servers during the Period of Inquiry, including the purposes of such servers, when such servers were online; and whether, and when, such servers were used in production, testing, or development;

    c. Describe Swish's network topology during the Period of Inquiry;

    d. Describe the manner in which consumers were referred to websites operated by Swish during the Period of Inquiry;

    e. Describe the roles of Swish employees, including but not limited to the other Individual Defendants, in designing, programming, or otherwise changing the appearance of websites operated by Swish during the Period of Inquiry;

    f. Describe Swish's bug-tracking and software development ticketing systems during the Period of Inquiry; and

    g. Answer questions posed by the FTC related to the re-generation of or the authentication of the appearance of websites operated by Swish during the Period of Inquiry; and

6. With respect to conversion rates, or the rates at which consumers signed up for offers on websites operated by Swish:

    a. Assist the FTC in calculating conversion rates for all products and services during the Period of Inquiry, including offers for all products and

services that at any point were defaulted to "Yes;"

b.     Explain the meanings of the fields and values used in Swish's databases
during the Period of Inquiry and provide an entity relationship diagram or
data dictionary for such databases;

c.     Provide a logical data flow for Swish's lead-generating and affiliate-
marketing algorithms during the Period of Inquiry;

d.     Describe the accounting mechanisms Swish used to track conversions and
generate conversion rates; and

e.     Answer questions posed by the FTC related to the calculation of the
conversion rates.

## VI.

## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating
compliance with any provision of this Order:

A.     Within ten (10) days of receipt of written notice from a representative of the
Commission, Defendant shall submit additional written reports, which are true and
accurate and sworn to under penalty of perjury; produce documents for inspection and
copying; appear for deposition; and provide entry during normal business hours to any
business location in Defendant's possession or direct or indirect control to inspect the
business operation;

B.     In addition, the Commission is authorized to use all other lawful means, including but not
limited to:

1.     Obtaining discovery from any person, without further leave of court, using the
procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45 and 69;

2.     Having its representatives pose as consumers and suppliers to Defendant, his
employees, or any other entity managed or controlled in whole or in part by
Defendant, without the necessity of identification or prior notice; and

**Stipulated Final Judgment and Order - C09-03814 RS**          **Page 13 of 22**

C.     Defendant shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order.  The person interviewed may have counsel present.

***Provided however***, that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## VII.

## COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

A.     For a period of five (5) years from the date of entry of this Order,

     1.     Defendant shall notify the Commission of the following:

          a.     Any changes in Defendant's residence, mailing addresses, and telephone numbers, within ten (10) days of the date of such change;

          b.     Any changes in Defendant's employment status (including self-employment), and any change in Defendant's ownership in any business entity, within ten (10) days of the date of such change.  Such notice shall include the name and address of each business that Defendant is affiliated with, employed by, creates or forms, or performs services for; a detailed description of the nature of the business; and a detailed description of Defendant's duties and responsibilities in connection with the business or employment; and

          c.     Any changes in Defendant's name or use of any aliases or fictitious names within ten (10) days of the date of such change;

**Stipulated Final Judgment and Order - C09-03814 RS**       **Page 14 of 22**

2.      Defendant shall notify the Commission of any changes in structure of any business entity that Defendant directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including but not limited to: incorporation or other organization; a dissolution, assignment, sale, merger, or other action; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; or a change in the business name or address, at least thirty (30) days prior to such change, ***provided*** that, with respect to any such change in the business entity about which Defendant learns less than thirty (30) days prior to the date such action is to take place, Defendant shall notify the Commission as soon as is practicable after obtaining such knowledge.

B.      One hundred eighty (180) days after the date of entry of this Order and annually thereafter for a period of three (3) years, Defendant shall provide a written report to the FTC, which is true and accurate and sworn to under penalty of perjury, setting forth in detail the manner and form in which he has complied and is complying with this Order. This report shall include, but not be limited to:

1.      Defendant's then-current residence address, mailing addresses, and telephone numbers;

2.      Defendant's then-current employment status (including self-employment), including the name, addresses, and telephone numbers of each business that Defendant is affiliated with, employed by, or performs services for; a detailed description of the nature of the business; and a detailed description of Defendant's duties and responsibilities in connection with the business or employment;

3.      A copy of each acknowledgment of receipt of this Order, obtained pursuant to the Section titled "Distribution of Order;" and

4.      Any other changes required to be reported under Subsection A of this Section.

C.   Defendant shall notify the Commission of the filing of a bankruptcy petition by

Defendant within fifteen (15) days of filing.

D.   For the purposes of this Order, Defendant shall, unless otherwise directed by the

Commission's authorized representatives, send by overnight courier (not the U.S. Postal

Service) all reports and notifications to the Commission that are required by this Order

to:

> Associate Director for Enforcement
> Federal Trade Commission
> 600 Pennsylvania Avenue, N.W
> Washington, D.C. 20580
> RE: *FTC v. Swish Marketing, Inc., et al.*

***Provided*** that, in lieu of overnight courier, Defendant may send such reports or

notifications by first-class mail, but only if Defendant contemporaneously sends an

electronic version of such report or notification to the Commission at: DEbrief@ftc.gov.

E.   For purposes of the compliance reporting and monitoring required by this Order, the

Commission shall communicate with Defendant through Defendant's counsel, Barry J.

Cutler, Baker Hostetler LLP, 1050 Connecticut Avenue NW, Suite 1100, Washington,

D.C. 20036, or Brian M. Grossman, Tesser & Ruttenberg, 12100 Wilshire Boulevard,

Suite 220, Los Angeles, CA 90025.  Should both such counsel cease representation of

Defendant, the Commission may communicate directly with Defendant for such

purposes.

## VIII.

## RECORD KEEPING PROVISIONS

   **IT IS FURTHER ORDERED** that, for a period of eight (8) years from the date of entry

of this Order, Defendant, for any business for which he is the majority owner or directly or

indirectly controls, is hereby restrained and enjoined from failing to create and retain the

following records:

A.   Accounting records that reflect the cost of goods or services sold, revenues generated,

and the disbursement of such revenues;

**Stipulated Final Judgment and Order - C09-03814 RS**          **Page 16 of 22**

B.   Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C.   Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

D.   Complaints and refund requests (whether received directly or indirectly, such as through a third party) and any responses to those complaints or requests;

E.   Copies of all sales scripts, training materials, advertisements, or other marketing materials;

F.   Documents sufficient to demonstrate the experience of consumers on each materially different version of each website on which Defendant, whether acting directly or through any sole proprietorship, partnership, limited liability company, corporation, subsidiary, branch, division, Marketing Affiliate, or other entity, advertise, promote, market, offer for sale, sell, or provide products or services, including, as necessary:

   1.   Screenshots or screen capture recordings of such websites;

   2.   Source code, database records, or log files for such websites; and

   3.   Other documents related to the design and functioning of such websites, including but not limited to feature descriptions, programmer documentation, developer's guides, specification documents, and version histories; and

G.   All records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, copies of acknowledgments of receipt of this Order required by the Sections titled "Distribution of Order" and "Acknowledgment of Receipt of Order" and all reports submitted to the FTC pursuant to the Section titled "Compliance Reporting."

\\

\\

**Stipulated Final Judgment and Order - C09-03814 RS**          **Page 17 of 22**

**IX.**

**DISTRIBUTION OF ORDER**

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this Order, Defendant shall deliver copies of the Order as directed below:

A.   Defendant as Control Person:  For any business that Defendant controls, directly or indirectly, or in which Defendant has a majority ownership interest, Defendant must deliver a copy of this Order to (1) all principals, officers, directors, and managers of that business; (2) all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting."  For current personnel, delivery shall be within five (5) days of service of this Order upon Defendant.  For new personnel, delivery shall occur prior to them assuming their responsibilities.  For any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

B.   Defendant as employee or non-control person:  For any business for which Defendant is not a controlling person of a business but otherwise engages in conduct related to the subject matter of this Order, Defendant must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct.

C.   Defendant must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to this Section.

**X.**

**ACKNOWLEDGMENT OF RECEIPT OF ORDER**

**IT IS FURTHER ORDERED** that Defendant, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**XI.**

**RETENTION OF JURISDICTION**

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED**, this 28th day of _ September __, 2010.

_____

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

**SO STIPULATED:**

WILLARD K. TOM
General Counsel

JEFFREY A. KLURFELD
Regional Director


\s\ Lisa D. Rosenthal
_____
LISA D. ROSENTHAL
KERRY O'BRIEN
EVAN ROSE
ERIC D. EDMONDSON
Federal Trade Commission
901 Market Street, Ste. 570
San Francisco, CA  94103
(415) 848-5150 (voice)
(415) 848-5184 (fax)

Dated:   September 27, 2010

ATTORNEYS FOR PLAINTIFF

\s\ Jason Strober
_____
JASON STROBER

Dated:   July 1, 2010


\s\ Barry J. Cutler
_____
BARRY J. CUTLER
Baker Hostetler, LLP
1050 Connecticut Avenue NW
Suite 1100
Washington, D.C. 20036
(202) 861-1572 (voice)
(202) 861-1783 (fax)

Attorney for Defendant Jason Strober

Dated:   July 1, 2010

\s\ Brian M. Grossman
_____
BRIAN M. GROSSMAN
Tesser & Ruttenberg
12100 Wilshire Blvd., Suite 220
Los Angeles, CA  90025
(310) 207-4022 (voice)
(310) 207-4033 (fax)

Attorney for Defendant Jason Strober

Dated:   July 2, 2010

1

**SO STIPULATED:**

2

WILLARD K. TOM
General Counsel

3

JEFFREY A. KLURFELD
Regional Director

4

5

6

_____
LISA D. ROSENTHAL

7

KERRY O'BRIEN
EVAN ROSE

8

ERIC D. EDMONDSON
Federal Trade Commission

9

901 Market Street, Ste. 570
San Francisco, CA  94103

10

(415) 848-5150 (voice)
(415) 848-5184 (fax)

11

Dated: _____

12

ATTORNEYS FOR PLAINTIFF

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____
JASON STROBER

Dated:  July 1, 2010

_____
BARRY J. CUTLER
Baker Hostetler, LLP
1050 Connecticut Avenue NW
Suite 1100
Washington, D.C. 20036
(202) 861-1572 (voice)
(202) 861-1783 (fax)

Attorney for Defendant Jason Strober

Dated:  July 1, 2010

_____
BRIAN M. GROSSMAN
Tesser & Ruttenberg
12100 Wilshire Blvd., Suite 220
Los Angeles, CA  90025
(310) 207-4022 (voice)
(310) 207-4033 (fax)

Attorney for Defendant Jason Strober

Dated:  7-2-10

Attachment A

WILLARD K. TOM
General Counsel

LISA D. ROSENTHAL, Bar # 179486
KERRY O'BRIEN, Bar # 149264
EVAN ROSE, Bar # 253478
ERIC EDMONDSON, D.C. Bar # 450294
Federal Trade Commission
901 Market Street, Ste. 570
San Francisco, CA  94103
(415) 848-5100 (voice)
(415) 848-5184 (fax)
lrosenthal@ftc.gov
kobrien@ftc.gov
erose@ftc.gov
eedmondson@ftc.gov

Attorneys for Plaintiff
Federal Trade Commission

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
San Jose Division

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>        Plaintiff,<br><br>    v.<br><br>SWISH MARKETING, INC., a corporation,<br><br>MARK BENNING, individually and as an officer of SWISH MARKETING, INC.,<br><br>MATTHEW PATTERSON, individually and as an officer of SWISH MARKETING, INC., and<br><br>JASON STROBER, individually and as an officer of SWISH MARKETING, INC.,<br><br>        Defendants. | Case No. C09-03814 RS<br><br>**SATISFACTION OF JUDGMENT AS TO DEFENDANT JASON STROBER** |

On _____, the Court entered a Stipulated Final Judgment and Order for

Permanent Injunction and Other Equitable Relief as to Defendant Jason Strober (Dkt. #121)

**Stipulated Final Judgment and Order - C09-03814 RS**                **Page 21 of 22**

("Final Order").  Pursuant to Subsection V.A of the Final Order, a judgment in the amount of $350,000 was entered against Defendant Strober for equitable monetary relief.  Subsection V.A further provided, however, that Defendant Strober's liability for $350,000 would be suspended upon the conditions specified in Section V.

Pursuant to Subsection V.C of the Final Order, Plaintiff hereby acknowledges that the judgment entered against Defendant Strober is satisfied.

Respectfully submitted,

DATED:                                    _____
                                          LISA D. ROSENTHAL
                                          KERRY O'BRIEN
                                          EVAN ROSE
                                          ERIC D. EDMONDSON
                                          Federal Trade Commission
                                          901 Market Street, Suite 570
                                          San Francisco, CA 94103
                                          (415) 848-5100 (phone)
                                          (415) 848-5184 (facsimile)

                                          Attorneys for Plaintiff
                                          FEDERAL TRADE COMMISSION