**\*E-Filed 10/1/2010\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | No. C 09-03814 RS |
| Plaintiff, | **ORDER DENYING MOTION IN LIMINE** |
| v. | |
| MARK BENNING, et al., | |
| Defendants. | |

Defendants Swish Marketing and Matthew Patterson move *in limine* to exclude, in essence, all evidence of consumer losses that did not find their way to the defendants' coffers. The motion is submitted without oral argument, pursuant to Local Civil Rule 7-1(b), and the motion hearing scheduled on October 7, 2010 is **vacated**.

The Federal Trade Commission ("FTC") argues that defendants' motion *in limine* is both premature and based on a legal argument with traction only outside this Circuit. Because this Court agrees that evidence of total consumer harm has relevance beyond the ultimate restitutionary recovery available in this case, defendants' motion must be denied.

While it is true that a district court abuses its discretion by admitting irrelevant evidence, the FTC advances three purposes served by collecting evidence of total consumer losses. The

defendants take issue only with the first: the FTC insists it needs to understand total losses if it seeks to collect this sum from defendants in the form of ancillary equitable relief. While the defendants operated the allegedly deceptive websites at the center of the dispute, they insist their receipt of funds was confined to only a portion of the total amounts obtained from consumers. A third-party entity, they contend, received the rest. Defendants point to appellate authority—specifically, *FTC v. Verity Intern*, 443 F.3d 48 (2d Cir. 2006)—for the proposition that the appropriate equitable remedy is not akin to joint and several liability but rather only that property which a particular defendant unfairly takes from a plaintiff. The FTC counters that the Second Circuit's approach is inconsistent both with the purpose behind the FTC Act and the Ninth Circuit's approach to equitable relief when interpreting the Act. *See, e.g., F.T.C. v. Inc21.com Corp.*, No. 10-0022, 2010 WL 3789103, at *30 (N.D. Cal. Sept. 21, 2010) ("The FTC Act was designed to protect consumers . . . . As such, courts have often awarded restitution in the full amount of funds lost by consumers rather than limiting restitution solely to a defendant's profits.").

Defendants may again raise the legal question of whether the Second Circuit's approach to restitution in equity in *Verity Intern* comports with the Ninth Circuit's interpretation of the FTC Act, but they should do so at the appropriate procedural juncture (i.e., in the context of summary judgment or, assuming the FTC can establish liability, at a phase designed to determine appropriate relief). Exclusion of all evidence relating to consumer loss in excess of Swish Marketing's profits from the debit-card advertisements would be a premature and surely an overbroad response to that particular legal question. The defendants' evidentiary motion must therefore be denied.

IT IS SO ORDERED.

Dated: 10/1/10

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE