WILLARD K. TOM
General Counsel

LISA D. ROSENTHAL, Bar # 179486
KERRY O'BRIEN, Bar # 149264
EVAN ROSE, Bar # 253478
ERIC EDMONDSON, D.C. Bar # 450294
Federal Trade Commission
901 Market Street, Ste. 570
San Francisco, CA  94103
(415) 848-5100 (voice)
(415) 848-5184 (fax)
lrosenthal@ftc.gov
kobrien@ftc.gov
erose@ftc.gov
eedmondson@ftc.gov

Attorneys for Plaintiff
Federal Trade Commission

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>SWISH MARKETING, INC., a corporation,<br><br>MARK BENNING, individually and as an officer of SWISH MARKETING, INC.,<br><br>MATTHEW PATTERSON, individually and as an officer of SWISH MARKETING, INC., and<br><br>JASON STROBER, individually and as an officer of SWISH MARKETING, INC.,<br><br>    Defendants. | Case No. C09-03814 RS<br><br>**[PROPOSED] STIPULATED FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF AS TO DEFENDANT MARK BENNING** |

**Stipulated Final Judgment and Order: Benning - C09-03814 RS**

1   Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), has filed a First
2 Amended Complaint for Injunctive and Other Equitable Relief ("Complaint") against the
3 defendants in this matter pursuant to Sections 5 and 13(b) of the Federal Trade Commission Act
4 ("FTC Act"), 15 U.S.C. §§ 45(a), 53(b).  The FTC and Defendant Mark Benning ("Defendant"),
5 by and through his counsel, have agreed to settlement of this action without adjudication of any
6 issue of fact or law, and without Defendant admitting any of the non-jurisdictional facts alleged
7 in the Complaint or liability for any of the violations alleged in the Complaint.  To resolve all
8 matters of dispute between them in this action, the FTC and Defendant hereby stipulate to the
9 entry of, and request the Court to enter, this Stipulated Final Judgment and Order for Permanent
10 Injunction and Other Equitable Relief ("Order").

11   **IT IS THEREFORE STIPULATED, AGREED, AND ORDERED as follows:**

12   1.   This Court has jurisdiction over the subject matter of this case and jurisdiction
13 over all parties pursuant to 15 U.S.C. §§ 45(a) and 53(b), and 28 U.S.C. §§ 1331, 1337(a), and
14 1345;

15   2.   Venue in the Northern District of California is proper under 15 U.S.C. § 53(b)
16 and 28 U.S.C. § 1391(b) and (c);

17   3.   The acts and practices of Defendant were and are in or affecting commerce, as
18 defined in Section 4 of the FTC Act, 15 U.S.C. § 44;

19   4.   The Complaint states a claim upon which relief can be granted under Section 5(a)
20 of the FTC Act, 15 U.S.C. § 45(a), and the Commission has the authority to seek the relief it has
21 requested;

22   5.   Defendant has entered into this Order freely and without coercion, and Defendant
23 acknowledges that he has read the provisions of this Order and is prepared to abide by them;

24   6.   The undersigned, individually and by and through their counsel, have agreed that
25 the entry of this Order resolves all matters of dispute between them arising from the Complaint
26 in this action, up to the date of entry of this Order;

27   7.   Defendant waives all rights to seek judicial review or otherwise challenge or
28 contest the validity of this Order.  Defendant also waives any claims that he may have held under

the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order;

8. Pursuant to Federal Rule of Civil Procedure 65(d), the provisions of this Order are binding upon Defendant, and his officers, agents, servants, employees, attorneys, and all other persons or entities in active concert or participation with him, who receive actual notice of this Order by personal service or otherwise;

9. This Order is remedial in nature and shall not be deemed or construed as a fine, damages, penalty, or punitive assessment;

10. Each party shall bear its own costs and attorneys' fees; and

11. Entry of this Order is in the public interest.

## **ORDER**

## **DEFINITIONS**

For purposes of this Order, the following definitions shall apply:

A. **"Billing information"** means any data that enables any person to access a consumer's account, including but not limited to a credit card, checking, savings, share or similar account, utility bill, mortgage loan account, or debit card.

B. **"Clearly and conspicuously"** means:

1. In textual communications (e.g., printed publications or words displayed on the screen of an electronic device), the disclosure shall be of a type size and location sufficiently noticeable for an ordinary consumer to read and comprehend the disclosure, in print that contrasts with the background on which it appears;

2. In communications disseminated orally or through audible means (e.g., radio or streaming audio), the disclosure shall be delivered in a volume and cadence sufficient for an ordinary consumer to hear and comprehend the disclosure;

3. In communications disseminated through video means (e.g., television or streaming video), the disclosure shall be in writing in a form consistent with Subsection 1 of this definition and shall appear on the screen for a duration sufficient for an ordinary consumer to read and comprehend the disclosure;

4. In communications made through interactive media such as the Internet, online services, and software:

    a. The disclosure shall be unavoidable and presented in a form consistent with Subsection 1 of this definition in addition to any audio or video presentation of them; and

    b. "In close proximity" shall mean on the same webpage, online service page, or other electronic page, and proximate to the triggering representation, and shall not be accessed or displayed through hyperlinks, pop-ups, interstitials, or other means;

5. In communications that contain both audio and visual portions, the disclosure shall be presented simultaneously in both the audio and visual portions of the communication. ***Provided however***, that in any communication disseminated solely through visual or audio means, the disclosure may be made through the same means in which the communication is presented.

6. In all instances, the disclosure shall be presented prior to the consumer incurring any financial obligation, in an understandable language and syntax, and with nothing contrary to, inconsistent with, or in mitigation of the disclosures used in any communication with the consumer.

C. **"Defendant"** means Mark Benning.

D. **"Marketing Affiliate"** means any third party with which Defendant, or any business for which Defendant is a majority owner, officer, or director, or which Defendant directly or indirectly controls, has an agreement under which:

1. Defendant or such business agrees to pay a commission or other compensation to the Marketing Affiliate because the Marketing Affiliate has driven or referred customers or potential customers to Defendant or such business; or

2. The Marketing Affiliate agrees to pay a commission or other compensation to Defendant or such business because Defendant or such business has driven or referred customers or potential customers to the Marketing Affiliate.

    *Provided* that, for purposes of this Order, a "Marketing Affiliate" is not a third party who merely displays banner ads, sponsored links, or other like advertisements that are created directly and solely by Defendant, or by any business for which Defendant is a majority owner, officer, or director.

E.   **"Material"** means likely to affect a person's choice of, or conduct regarding, goods or services.

F.   **"Payment Card"** means any card that is backed by an account that holds or can hold funds belonging to the cardholder, or offers credit to the cardholder, including but not limited to a prepaid card, credit card, or debit card.

## I.

## PROHIBITION AGAINST MAKING MISREPRESENTATIONS

**IT IS THEREFORE ORDERED** that Defendant, and his officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any sole proprietorship, partnership, limited liability company, corporation, subsidiary, branch, division, Marketing Affiliate, or other entity, in connection with the advertising, promoting, offering for sale, or sale of any Payment Card, loan, any financial product or service, or any other product or service, are hereby permanently restrained and enjoined from:

A.   Misrepresenting, or assisting others in misrepresenting, expressly or by implication,

    1.   That such product or service is a bonus, free, a gift, or without cost;

    2.   The cost or price of such product or service;

    3.   The consequences of submitting an application for any such product or service;

    4.   The method by which a consumer will be assessed a fee, charge, debit, or bill; and

    5.   Any other material fact; and

B.   Representing, in any manner, expressly or by implication, that such product or service is a bonus, free, a gift, or without cost, without disclosing clearly and conspicuously, and in close proximity to the representation, all material terms, conditions, and obligations relating to the receipt and retention of such product or service.

## II.

## EXPRESS INFORMED CONSENT

**IT IS FURTHER ORDERED** that Defendant, and his officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any sole proprietorship, partnership, limited liability company, corporation, subsidiary, branch, division, Marketing Affiliate, or other entity, in connection with the advertising, promoting, offering for sale, or sale of any Payment Card, loan, any financial product or service, or any other product or service, are hereby enjoined from directly or indirectly using billing information to obtain payment from a consumer, unless, prior to using such billing information to obtain payment:

A.  They request that the consumer indicate his or her assent to pay for the product or service using a specified account;

B.  They disclose clearly and conspicuously and in close proximity to the request for the consumer's indication of assent the following information:
   1. The specific billing information to be used;
   2. The amount to be paid;
   3. The method to be used to assess the payment;
   4. The entity on whose behalf the payment will be assessed; and
   5. All material restrictions, limitations, or conditions applicable to the purchase, receipt, or use of the product or service that is the subject of the offer; and

C.  The consumer affirmatively indicates assent to pay for the product or service using the specified account.  In connection with communications made through interactive media such as the Internet, online services, and software, the consumer must indicate such assent by clicking on a button that is specifically labeled to convey such assent, or by taking substantially similar affirmative action authorizing the transaction.

\\

\\

# III.

## MONITORING BY DEFENDANT
## OF HIS MARKETING AFFILIATES

**IT IS FURTHER ORDERED** that Defendant, and his officers, agents, servants, employees, and attorneys, whether acting directly or through any sole proprietorship, partnership, limited liability company, corporation, subsidiary, branch, division, Marketing Affiliate, or other entity, in connection with the advertising, promoting, offering for sale, or sale of any Payment Card, loan, or any financial product or service, shall take reasonable steps sufficient to monitor and ensure that Defendant's Marketing Affiliates comply with the requirements of Sections I and II of this Order. Such steps shall include, at a minimum:

A. Prior to accepting any prospective Marketing Affiliate, Defendant shall:
  1. Provide the Marketing Affiliate with a copy of this Order;
  2. Obtain a signed and dated acknowledgment from such Marketing Affiliate in which the Marketing Affiliate:
     a. Acknowledges receipt of this Order;
     b. Expressly agrees to distribute a copy of the Order to the Marketing Affiliate's owners, managers, and division heads; and
     c. Expressly agrees to comply with the terms of Sections I and II; and
  3. Provide written notice to such Marketing Affiliate that failing to comply with the terms of Sections I and II will result in immediate termination of Defendant's agreement with the Marketing Affiliate;

B. Within thirty (30) days of service of this Order upon Defendant, Defendant shall:
  1. Provide any existing Marketing Affiliate with a copy of this Order;
  2. Obtain a signed and dated acknowledgment from such Marketing Affiliate in which the Marketing Affiliate:
     a. Acknowledges receipt of this Order;
     b. Expressly agrees to distribute a copy of the Order to the Marketing Affiliate's owners, managers, and division heads; and

   c. Expressly agrees to comply with the terms of Sections I and II; and

3. Provide written notice to each existing Marketing Affiliate that failing to comply with the terms of Sections I and II will result in immediate termination of Defendant's agreement with the Marketing Affiliate and the forfeiture of all monies earned or owed;

***Provided however***, that if Defendant terminates a Marketing Affiliate within thirty (30) days of service of this Order, Defendant shall not be required to satisfy the requirements of this Subsection with respect to any such terminated Marketing Affiliate; and

C. Defendant shall terminate, immediately, any Marketing Affiliate that Defendant reasonably concludes has engaged in or is engaging in acts or practices prohibited by this Order, whether directly or through another person or entity.

***Provided however***, that this Section does not authorize or require Defendant to take any action that violates any federal, state, or local law.

## IV.

## MONETARY JUDGMENT AND CONSUMER RESTITUTION

**IT IS FURTHER ORDERED** that:

A. Judgment is hereby entered in favor of the Commission and against Defendant for equitable monetary relief, including but not limited to consumer redress, in the amount of five million, two hundred six thousand, eight hundred seventy-two dollars ($5,206,872), which is the total amount of consumer injury caused by the activities alleged in the Complaint reduced by the amount already paid by other defendants; ***provided, however***, that, until further Order of the Court pursuant to the Section titled "Right to Re-open as to Monetary Judgment," this judgment shall be suspended upon the disposition of his real property in accordance with Subsection B of this Section.

B. Prior to July 15, 2011, Defendant shall sell the property at 1545 Laurel Place, Menlo Park, California 94025; Parcel ID 061-390-060; with a legal description of Lot 14 Laurel Manor RSM 32/19 City of Menlo Park ("Laurel Place Property"), upon terms and conditions acceptable to the FTC. Defendant shall not further encumber the Laurel Place

1 Property beyond the current balances (approximately $332,000 and $200,000) of the two
2 loans identified in the Financial Statement of Individual Defendant Mark Benning signed
3 on September 1, 2010. Defendant shall promptly comply with all reasonable requests
4 from the FTC related to that sale, including but not limited to signing listing contracts
5 with real estate agents, keeping the property in good repair, keeping the property in a
6 condition suitable for showing to prospective purchasers, signing contracts for the sale of
7 the property, and signing all documents necessary or appropriate for the transfer of the
8 property to a new buyer. Upon the sale of the property, all net proceeds shall be paid to
9 the FTC within ten (10) days of the sale. Any sheriff, title company, or other person
10 involved in such a sale may rely on this Order as authority to deliver the net proceeds to
11 the FTC. If the Laurel Place Property has not sold prior to July 15, 2011, Defendant shall
12 comply promptly with written instructions from the Assistant Director of the Western
13 Region-San Francisco of the FTC concerning disposition of the property, which may
14 include transferring the property to a receiver for disposition, transferring the property to
15 one or more mortgagors or lienholders, or allowing the FTC to place a judgment lien on
16 the property.

C. All funds paid to or received by the Commission pursuant to this Section shall be deposited into a fund administered by the Commission or its agent. In the event that direct restitution to consumers is wholly or partially impracticable or funds remain after restitution is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendant's practices as alleged in the Complaint. Any funds not used for such equitable relief will be deposited with the United States Treasury as disgorgement. Defendant shall have no right to challenge the Commission's choice of remedies under this Section. Defendant shall have no right to contest the manner of distribution chosen by the Commission.

D. Defendant relinquishes all dominion, control, and title to the funds paid to the fullest extent permitted by law. Defendant shall make no claim to or demand return of the

1 funds, directly or indirectly, through counsel or otherwise.

E. Defendant agrees that the facts as alleged in the Complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the Commission to enforce its rights to any payment or money judgment pursuant to this Order, including but not limited to a nondischargeability complaint in any bankruptcy case. Defendant further stipulates and agrees that the facts alleged in the Complaint establish all elements necessary to sustain an action pursuant to, and that this Order shall have collateral estoppel effect for purposes of, Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A).

## V.

### RIGHT TO RE-OPEN AS TO MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

A. By agreeing to this Order Defendant reaffirms and attests to the truthfulness, accuracy, and completeness of the following financial statements and supporting documents that he provided to the Commission:

1. The Financial Statement of Individual Defendant Mark Benning signed on September 1, 2010, and supporting documents, including the 2007–2008 Individual Federal Income Tax Returns and Trust Agreement.

2. The document titled, "Supplemental Financial Statement of Individual Defendant," submitted to Commission counsel Lisa Rosenthal, signed by Mark Benning on September 20, 2010, and supporting documents, including Revised Page 4 of Financial Statement of Individual Defendant Mark Benning; Additional Page 5a of Financial Statement of Individual Defendant Mark Benning; Confidential Settlement Agreement and Mutual Release, dated 10/08/09; 2008–2010 Profit & Loss Statements for XQuest, LLC; Balance Sheets as of December 31, 2009, and September 20, 2010, for XQuest, LLC; and 2008–2009 Federal Corporate Income Tax Returns for XQuest, LLC.

B.  This Court's Order, and the FTC's agreement to enter into this Order, is expressly premised upon the truthfulness, accuracy, and completeness of Defendant's financial condition, as represented in the documents referenced in Subsection A of this Section ("Financial Statements"), all of which contain material information upon which the Commission relied in negotiating and agreeing to the terms of this Order.

C.  If, upon motion by the FTC, this Court should find that Defendant failed to disclose any material asset or materially misrepresented the value of any asset, or made any other material misrepresentation in or omission from the Financial Statements, the Court shall reinstate the suspended judgment against Defendant, in favor of the Commission, in the amount of $5,206,872 (five million, two hundred six thousand, eight hundred seventy-two dollars) less any payments made to the Commission by Defendant or other defendants subsequent to the entry of this Order, plus interest computed from the entry date of this Order pursuant to 28 U.S.C. § 1961. ***Provided, however***, that in all other respects, this Order shall remain in full force and effect unless otherwise ordered by the Court.

## VI.

## COOPERATION WITH FTC COUNSEL

**IT IS FURTHER ORDERED** that Defendant shall, in connection with this action or any subsequent investigations related to or associated with the transactions or the occurrences that are the subject of the Complaint, cooperate in good faith with the FTC and appear at such places and times as the FTC shall reasonably request, after written notice, for interviews, conferences, pretrial discovery, review of documents, and for such other matters as may be reasonably requested by the FTC. If requested in writing by the FTC, Defendant shall appear and provide truthful testimony in any trial, deposition, or other proceeding related to or associated with the transactions or the occurrences that are the subject of the Complaint, without the service of a subpoena.

\\

\\

# VII.

# COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of (i) monitoring and investigating compliance with any provision of this Order, and (ii) investigating the accuracy of Defendant's Financial Statements upon which the Commission's agreement to this Order is expressly premised:

A. Within ten (10) days of receipt of written notice from a representative of the Commission, Defendant shall submit additional written reports, which are true and accurate and sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and provide entry during normal business hours to any business location in Defendant's possession or direct or indirect control to inspect the business operation;

B. In addition, the Commission is authorized to use all other lawful means, including but not limited to:

 1. Obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45 and 69;

 2. Having its representatives pose as consumers and suppliers to Defendant, his employees, or any other entity managed or controlled in whole or in part by Defendant, without the necessity of identification or prior notice; and

C. Defendant shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present.

*Provided however*, that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

# VIII.
# COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

A. For a period of five (5) years from the date of entry of this Order,

    1. Defendant shall notify the Commission of the following:

        a. Any changes in Defendant's residence, mailing addresses, and telephone numbers, within ten (10) days of the date of such change;

        b. Any changes in Defendant's employment status (including self-employment), and any change in Defendant's ownership in any business entity, within ten (10) days of the date of such change. Such notice shall include the name and address of each business that Defendant is affiliated with, employed by, creates or forms, or performs services for; a detailed description of the nature of the business; and a detailed description of Defendant's duties and responsibilities in connection with the business or employment; and

        c. Any changes in Defendant's name or use of any aliases or fictitious names within ten (10) days of the date of such change;

    2. Defendant shall notify the Commission of any changes in structure of any business entity that Defendant directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including but not limited to: incorporation or other organization; a dissolution, assignment, sale, merger, or other action; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; or a change in the business name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any such change in the business entity about which Defendant learns less than thirty (30) days prior to the date such action is to take

      place, Defendant shall notify the Commission as soon as is practicable after obtaining such knowledge.

B.  One hundred eighty (180) days after the date of entry of this Order and annually thereafter for a period of three (3) years, Defendant shall provide a written report to the FTC, which is true and accurate and sworn to under penalty of perjury, setting forth in detail the manner and form in which he has complied and is complying with this Order. This report shall include, but not be limited to:

1.  Defendant's then-current residence address, mailing addresses, and telephone numbers;

2.  Defendant's then-current employment status (including self-employment), including the name, addresses, and telephone numbers of each business that Defendant is affiliated with, employed by, or performs services for; a detailed description of the nature of the business; and a detailed description of Defendant's duties and responsibilities in connection with the business or employment;

3.  A copy of each acknowledgment of receipt of this Order, obtained pursuant to the Section titled "Distribution of Order;" and

4.  Any other changes required to be reported under Subsection A of this Section.

C.  Defendant shall notify the Commission of the filing of a bankruptcy petition by Defendant within fifteen (15) days of filing.

D.  For the purposes of this Order, Defendant shall, unless otherwise directed by the Commission's authorized representatives, send by overnight courier (not the U.S. Postal Service) all reports and notifications to the Commission that are required by this Order to:

      Associate Director for Enforcement
      Bureau of Consumer Protection
      Federal Trade Commission
      600 Pennsylvania Avenue, N.W
      Washington, D.C. 20580
      RE: *FTC v. Swish Marketing, Inc., et al.*, Matter no. X090078

***Provided*** that, in lieu of overnight courier, Defendant may send such reports or notifications by first-class mail, but only if Defendant contemporaneously sends an

1 electronic version of such report or notification to the Commission at: DEbrief@ftc.gov.
2 E. For purposes of the compliance reporting and monitoring required by this Order, the
3   Commission is authorized to communicate directly with Defendant Benning.

## IX.

## RECORDKEEPING

**IT IS FURTHER ORDERED** that, for a period of eight (8) years from the date of entry of this Order, Defendant, for any business for which he is the majority owner or directly or indirectly controls, is hereby restrained and enjoined from failing to create and retain the following records:

A. Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

B. Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C. Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

D. Complaints and refund requests (whether received directly or indirectly, such as through a third party) and any responses to those complaints or requests;

E. Copies of all sales scripts, training materials, advertisements, or other marketing materials;

F. Documents sufficient to demonstrate the experience of consumers on each materially different version of each website on which Defendant, whether acting directly or through any sole proprietorship, partnership, limited liability company, corporation, subsidiary, branch, division, Marketing Affiliate, or other entity, advertise, promote, market, offer for sale, sell, or provide products or services, including, as necessary:

   1. Screenshots or screen capture recordings of such websites;

    2.      Source code, database records, or log files for such websites; and

    3.      Other documents related to the design and functioning of such websites, including but not limited to feature descriptions, programmer documentation, developer's guides, specification documents, and version histories; and

G.    All records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, copies of acknowledgments of receipt of this Order required by the Sections titled "Distribution of Order" and "Acknowledgment of Receipt of Order" and all reports submitted to the FTC pursuant to the Section titled "Compliance Reporting."

## X.

## DISTRIBUTION OF ORDER

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this Order, Defendant shall deliver copies of the Order as directed below:

A.    Defendant as control person: For any business that Defendant controls, directly or indirectly, or in which Defendant has a majority ownership interest, Defendant must deliver a copy of this Order to (1) all principals, officers, directors, and managers of that business; (2) all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting." For current personnel, delivery shall be within five (5) days of service of this Order upon Defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities. For any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

B.    Defendant as employee or non-control person: For any business with fewer than 1,500 employees where Defendant is not a controlling person of a business but otherwise engages in conduct related to the subject matter of this Order, Defendant must deliver a copy of this Order to all principals and managers of such business before engaging in such

conduct. For any business with more than 1,500 employees where Defendant is not a controlling person of a business but otherwise engages in conduct related to the subject matter of this Order, Defendant must deliver a copy of this Order to all managers of the department or division in which Defendant engages in conduct related to the subject matter of this Order.

C. Defendant must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to this Section.

## XI.

## ACKNOWLEDGMENT OF RECEIPT OF ORDER

**IT IS FURTHER ORDERED** that Defendant, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

## XII.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED**, this  8th day of  March       , 2011.

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

(The filer attests that concurrence in the filing of this document has been obtained from each of the other signatories.)

**SO STIPULATED:**

/s/
_____

WILLARD K. TOM
General Counsel

MARK BENNING

Dated: \_\_\_\_\_3/1/11_____

JEFFREY A. KLURFELD
Regional Director

/s/ Lisa D. Rosenthal
_____

/s/
_____

LISA D. ROSENTHAL
KERRY O'BRIEN
EVAN ROSE
ERIC D. EDMONDSON
Federal Trade Commission
901 Market Street, Ste. 570
San Francisco, CA  94103
(415) 848-5150 (voice)
(415) 848-5184 (fax)

Bergeson LLP
by  JOHN W. FOWLER, ESQ.

ATTORNEYS FOR DEFENDANT

Dated: _____2/25/11_____

Dated: \_\_\_3/2/11_____

ATTORNEYS FOR PLAINTIFF

1  SO STIPULATED:

2  WILLARD K. TOM
   General Counsel
3
   JEFFREY A. KLURFELD
4  Regional Director

5

6

7  LISA D. ROSENTHAL
   KERRY O'BRIEN
   EVAN ROSE
8  ERIC D. EDMONDSON
   Federal Trade Commission
9  901 Market Street, Ste. 570
   San Francisco, CA 94103
10 (415) 848-5150 (voice)
   (415) 848-5184 (fax)
11
   Dated: _____
12
   ATTORNEYS FOR PLAINTIFF
13

/s/ Mark Benning
MARK BENNING

Dated: _____



ATTORNEYS FOR DEFENDANT

Dated: _____

1  SO STIPULATED:

2  WILLARD K. TOM
   General Counsel
3
   JEFFREY A. KLURFELD
4  Regional Director

5

6  _____
   LISA D. ROSENTHAL
7  KERRY O'BRIEN
   EVAN ROSE
8  ERIC D. EDMONDSON
   Federal Trade Commission
9  901 Market Street, Ste. 570
   San Francisco, CA  94103
10 (415) 848-5150 (voice)
   (415) 848-5184 (fax)
11
   Dated: _____
12
   ATTORNEYS FOR PLAINTIFF
13

_____
MARK BENNING

Dated: _____

*Bergeson LLP*
by *John W. Fowler*
ATTORNEYS FOR DEFENDANT

Dated: February 25, 2011